T.C. Memo. 2002-86


UNITED STATES TAX COURT


EMIL P. TOLOTTI, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3011-01L.              Filed April 1, 2002.


Emil P. Tolotti, Jr., pro se.

<u>Sheara L. Gelman</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court

on respondent's Motion for Summary Judgment, as supplemented,

filed pursuant to Rule 121(a).[1]  Respondent contends that there

is no dispute as to any material fact with respect to this

_____

    [1]  All Rule references are to the Tax Court Rules of
Practice and Procedure.  Unless otherwise indicated, all section
references are to the Internal Revenue Code, as amended.

collection review matter and that respondent's determination (that the filing of the Notice of Federal Tax Lien for liabilities owing for the taxable year 1995 is appropriate) should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's Motion for

Summary Judgment, as supplemented.

Background

On April 15, 1996, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1995. Petitioner entered zero on virtually every line of the form and claimed a refund in the amount of $19,212. Petitioner attached a declaration to the form in which he stated that he is a "Union State (Nevada) citizen by birth who lives outside any federal enclave", not a citizen or resident of the United States as defined in the Internal Revenue Code, and that as a "non-taxpayer", he is not liable for Federal income tax. In the declaration, petitioner also stated that "No IRC section establishes 'liability' for an 'income' tax applicable to me or my activities" and that "No IRC section requires me to pay an 'income' tax".

On May 8, 1998, respondent issued a notice of deficiency to petitioner. In the notice, respondent determined a deficiency of $2,299 in petitioner's Federal income tax for 1995, an addition to tax under section 6654(a) in the amount of $124.51, and an accuracy-related penalty under section 6662(a) in the amount of $459.80. The deficiency in income tax was based on respondent's determination that petitioner failed to report (1) a taxable pension distribution in the amount of $21,669 received from the U.S. Office of Personnel Management and (2) taxable dividends in

the amount of $46 received from several payors.

On July 22, 1998, John B. Kotmair, Jr. (Mr. Kotmair) of Westminster, Maryland, wrote a letter to respondent on behalf of petitioner. In the letter, Mr. Kotmair stated that petitioner had received the foregoing notice of deficiency, and that such notice was invalid because it was not signed under penalties of perjury and because it did not explain petitioner's appeal rights.

In August 1998, petitioner executed a document entitled "PRIVACY ACT RELEASE FORM AND POWER OF ATTORNEY", by which petitioner granted Mr. Kotmair the authority to "represent, inquire of and procure from the Internal Revenue Service any and all of the records, pertaining to income taxes, * * * regarding the following years: 1980 through and including 1998."[2] The record indicates that Mr. Kotmair wrote two additional letters to respondent on petitioner's behalf. Petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency.

On April 27, 2000, respondent filed with the Washoe County Recorder in Reno, Nevada, a Form 668(Y), Notice of Federal Tax

_____

[2] The above-described "power of attorney" identified John B. Kotmair, Jr., as a fiduciary for Save-A-Patriot Fellowship and stated that petitioner was a member of the group. Save-A-Patriot Fellowship has been identified as an organization that is opposed to the Federal income tax. See Save-A-Patriot Fellowship v. United States, 962 F. Supp. 695 (D. Md. 1996).

Lien. The Notice of Federal Tax Lien states that petitioner has an outstanding Federal income tax liability of $1,688.79 for the taxable year 1995. The signature block on the Notice of Federal Tax Lien contains a facsimile signature.

On May 3, 2000, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On June 2, 2000, petitioner filed with respondent a Request for a Collection Due Process Hearing that included allegations challenging the existence and amount of petitioner's tax liability for 1995 on the ground that petitioner was not informed of the statutory provisions imposing liability on him. Petitioner also argued that the Notice of Federal Tax Lien Filing was invalid because it did not include an original signature.

On July 10, 2000, Appeals Officer Donna Fisher conducted an Appeals Office hearing in this matter that petitioner attended. Prior to the hearing, Appeals Officer Fisher reviewed an individual master file transcript dated April 4, 2000, and a computer transcript known as TXMODA dated June 30, 2000, regarding petitioner's account for the 1995 taxable year. The transcripts indicated that respondent made assessments against petitioner on October 19, 1998, for the tax, addition to tax, and accuracy-related penalty set forth in the notice of deficiency dated May 8, 1998, and for statutory interest. In addition, the transcripts indicated that on October 19 and November 9, 1998,

respondent issued to petitioner a notice and demand for payment of the assessed amounts.

During the Appeals Office hearing, petitioner requested that the Appeals officer identify the statutory provisions establishing petitioner's liability for Federal income tax. Petitioner was informed that although he would be permitted to raise any valid challenge he might have to the specific amounts of income that were reported to respondent by third-party payors, he would not be permitted to raise constitutional challenges to his underlying tax liability for 1995. The Appeals officer terminated the hearing after petitioner declined to discuss alternatives to collection.

On February 16, 2001, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent's determination (that the filing of the Notice of Federal Tax Lien for liabilities owing for the taxable year 1995 is appropriate) should be sustained. On March 2, 2001, petitioner filed with the Court an imperfect Petition for Lien or Levy Action seeking review of respondent's notice of determination.[3] On April 6, 2001, petitioner filed an amended petition including the following allegations: (1) The Notice of Federal Tax Lien was not

---

[3] At the time that the petition was filed, petitioner resided in Reno, Nevada.

certified as required by the Uniform Federal Tax Lien Registration Act as adopted by the State of Nevada; (2) the Appeals officer conducted a sham hearing; (3) petitioner was denied a fair hearing by an impartial Appeals officer; (4) the Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (5) the Appeals officer failed to identify the statutes (a) making petitioner liable for Federal income tax; (b) authorizing respondent's agents to enforce the Internal Revenue Code; and (c) permitting respondent to file a Notice of Federal Tax Lien; (6) respondent falsely claimed that petitioner earned foreign source income during 1995 and respondent failed to identify the specific source of such income; and (7) petitioner was denied the opportunity to challenge (a) the appropriateness of the collection action; and (b) the existence or amount of his underlying tax liability.

After filing an answer to the amended petition, respondent filed a Motion for Summary Judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that because petitioner received a notice of deficiency for 1995, petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his tax liability in this proceeding.

Respondent further asserts that the Appeals officer's review of the individual master file transcript dated April 4, 2000, and the TXMODA computer transcript dated June 30, 2000, satisfied the verification requirement imposed under section 6330(c)(1). Petitioner filed an Objection to respondent's motion.

This matter was called for hearing at the Court's motions sessions held in Washington, D.C., on November 21, 2001, and January 23, 2002. Counsel for respondent appeared at the hearings and presented argument in support of respondent's motion. Respondent filed a Supplement to Motion for Summary Judgment attaching thereto: (1) A copy of Form 4340, Certificate of Assessments, Payments and Other Specified Matters, with respect to petitioner's 1995 tax year; (2) a declaration by Appeals Officer Fisher; (3) a copy of the TXMODA computer transcript for petitioner's 1995 tax year; and (4) a transcript of the Appeals Office hearing. Respondent also filed a Second Supplement to Motion for Summary Judgment attaching thereto a certified copy of the Notice of Federal Tax Lien filed with the Washoe County Recorder in Reno, Nevada. Although no appearance was made by or on behalf of petitioner at either of the hearings, petitioner did file with the Court a written statement pursuant to Rule 50(c) and a response to respondent's motion, as supplemented.

Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a lien under section 6323. Such notice must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in sections 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible

alternative means of collection. Section 6330(c)(2)(B) provides that neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office hearing unless the person did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Goza v. Commissioner, 114 T.C. 176 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or Federal District Court.

Petitioner contends that respondent's Motion for Summary Judgment, as supplemented, should be denied on the ground that material issues of fact remain in dispute with regard to the statutory basis for his tax liability and the integrity of the Appeals Office hearing. As our summary of the amended petition reveals, petitioner's primary position is that the assessment made against him is invalid because respondent failed to demonstrate that he is liable for Federal income taxes.

Petitioner's argument is untenable for two reasons. First, there is no dispute in this case that petitioner received the notice of deficiency dated May 8, 1998, and disregarded the opportunity to file a petition for redetermination with this Court. Under the circumstances, section 6330(c)(2)(B) bars petitioner from challenging the existence or the amount of his underlying tax liability for 1995 in this collection review proceeding.

In addition to the bar imposed by section 6330(c)(2)(B), petitioner's arguments that he is not liable for Federal income tax and that he did not receive amounts taxable as income during 1995 are frivolous and groundless. Goza v. Commissioner, supra. Petitioner asserts that respondent failed to identify the statutory provisions: (1) Making petitioner liable for Federal income tax; (2) authorizing respondent's agents to enforce the Internal Revenue Code; and (3) permitting respondent to file a Notice of Federal Tax Lien. Petitioner also maintains that respondent erroneously determined that petitioner earned "foreign source" income during 1995 and respondent failed to identify the specific source of such income. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Petitioner next asserts that respondent cannot proceed with collection on the ground that the Notice of Federal Tax Lien filed with the Washoe County Recorder in Reno, Nevada, was not certified as required under Nev. Rev. Stat. Ann. sec. 108.829 (Michie 2001).[4] We note that the Notice of Federal Tax Lien in

---

[4] Nev. Rev. Stat. Ann. sec. 108.829 (Michie 2001) provides in pertinent part:

(continued...)

question was filed on Form 668(Y) and bears a facsimile signature.

Petitioner's reliance on Nevada State law in this matter is misplaced.  It is well settled that the form and content of a Notice of Federal Tax Lien is controlled by Federal law.  <u>United States v. Union Cent. Life Ins. Co.</u>, 368 U.S. 291, 294 (1961). In this regard, section 6323(f)(3) provides:

> (3) Form.--The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary.  Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

Consistent with section 6323(f)(3), section 301.6323(f)-1(d)(1), Proced. & Admin. Regs., provides:

> (d) Form--(1) In general.  The notice referred to in §301.6323(a)-(1) shall be filed on Form 668, "Notice of Federal Tax Lien under Internal Revenue Laws".  Such notice is valid notwithstanding any other provision of law regarding the form or content of a notice of lien. For example, omission from the notice of lien of a description of the property subject to the lien does not affect the validity thereof even though State law may require that the notice contain a description of the property subject to the lien.

Based upon the plain language of section 6323(f)(3) and the underlying regulation (quoted above), we hold that the Notice of

---

[4](...continued)

Certification of notices of liens, certificates or other notices affecting federal liens by the Secretary of the Treasury of the United States or his delegate * * * entitles them to be filed and no other attestation, certification or acknowledgment is necessary.

Federal Tax Lien in question is valid notwithstanding any additional provision that may exist under Nevada State law.

We also reject petitioner's assertions that the Appeals officer was not impartial and/or conducted a sham hearing. Such assertions are belied by the record. See sec. 6330(b)(3).

Petitioner next contends that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). We reject petitioner's contention inasmuch as the record establishes that the Appeals officer obtained and reviewed transcripts of account with regard to petitioner's taxable year 1995. The record also includes a Form 4340 that substantiates the information contained in the transcripts of account. See Davis v. Commissioner, 115 T.C. 35, 40-41 (2000) (Form 4340 is presumptive evidence that an assessment was made against the taxpayer).

Federal tax assessments are formally recorded on a summary record of assessment. Sec. 6203. The summary must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Kuglin v. Commissioner, T.C. Memo. 2002-51. In

this regard, we note that the transcripts of account on which the Appeals officer relied in this case contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. <u>Id.</u> Moreover, the Form 4340 substantiates the information contained in the transcripts of account.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account or the Form 4340. <u>Id.</u>; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated February 16, 2001.

Finally, we mention section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer

primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalties in collection review cases.  <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).  Although we shall not impose a penalty on petitioner pursuant to section 6673(a)(1) in the present case, we admonish petitioner that the Court will consider imposing such a penalty should he return to the Court in the future and advance arguments similar to those that we have identified as frivolous.

To reflect the foregoing,

<u>An order granting respondent's</u> <u>motion for summary judgment, as</u> <u>supplemented, and decision will</u> <u>be entered.</u>