T.C. Memo. 2002-94

UNITED STATES TAX COURT

ROBERT HURFORD AND CATHERINE SIMONE HALE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13278-01L.                Filed April 8, 2002.

Robert Hurford and Catherine Simone Hale, pro sese.

<u>Robin Ferguson</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on:  (1) Respondent's oral motion to dismiss for lack
of jurisdiction and to strike all allegations in the second
amended petition pertaining to a Notice of Federal Tax Lien filed
October 8, 1998, pertaining to a frivolous return penalty imposed
against petitioners pursuant to section 6702; and (2) respondent's

motion to dismiss for failure to state a claim and to impose a penalty under section 6673.[1]  Because respondent has presented matters outside of the pleadings, we shall treat the motion to dismiss as respondent's motion for summary judgment pursuant to Rule 121.  See Rule 40.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

---

[1]  Section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, we shall grant respondent's oral motion to dismiss for lack of jurisdiction and to strike and respondent's motion for summary judgment. However, we shall deny respondent's request for the imposition of a penalty upon petitioners pursuant to section 6673(a).

## Background

On September 22, 1997, petitioners filed a joint Federal income tax return for 1996 on which they reported $184,041.63 of wage income, a tax liability of zero, and claimed a refund with regard to $23,363.87 of withholding tax. On February 9, 1998, respondent assessed a $500 frivolous return penalty against petitioners pursuant to section 6702. On October 8, 1998, respondent filed with the County Recorder in Fresno County, California, a Notice of Federal Tax Lien listing the $500 penalty imposed under section 6702 as the amount due.

In the meantime, on May 19, 1998, respondent issued a notice of deficiency to petitioners determining a deficiency of $46,502 in their Federal income tax for 1996 and an addition to tax under section 6651(a)(1) of $2,313.81. On May 27, 1998, petitioners' then attorney-in-fact, Thomas W. Roberts, wrote a letter to respondent acknowledging that petitioners received the notice of deficiency and challenging respondent's authority to enter an assessment against petitioners based on a so-called substitute for return. Petitioners did not file a petition for

redetermination with the Court contesting the notice of deficiency.

On July 23, 2000, respondent mailed to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing that stated petitioners owed taxes and statutory additions for 1996 totaling $37,614.14 and that respondent was preparing to collect the amount due by levy. On August 16, 2000, petitioners filed with respondent a Request for a Collection Due Process Hearing that included a request that respondent provide petitioners with a summary record of assessment, and verification that all applicable laws and administrative procedures were met with regard to the assessment and proposed collection for 1996.

On July 10, 2001, Appeals Officer Eugene Chu conducted an administrative hearing in petitioners' case by way of a telephone conference call with petitioner Robert Hale and his representative, Brian Malatesta. Prior to the hearing, Appeals Officer Chu provided petitioners with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which showed that, for 1996, respondent entered assessments against petitioners for: (1) The amounts determined to be due in the notice of deficiency dated May 19, 1998; and (2) statutory interest. During the hearing, Mr. Malatesta challenged the assessments entered against petitioners on the ground that a

Form 4340 does not satisfy the verification requirement imposed under section 6330(c)(1).

On October 5, 2001, the Appeals Office issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent would proceed with collection against petitioners for 1996. Petitioners filed with the Court a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) contesting respondent's notice of determination.[2] Petitioners subsequently filed an amended petition, and then a second amended petition that included allegations pertaining to the lien notice filed October 8, 1998, and the imposition of the frivolous return penalty under section 6702. Petitioners' primary contention remains that the Appeals officer failed to obtain the verification required under section 6330(c)(1).

Respondent filed a motion to dismiss for failure to state a claim and to impose a penalty under section 6673. Petitioners filed a response in opposition to respondent's motion.

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion. No appearance was made by or on behalf of

---

[2] At the time the petition was filed, petitioners resided in Fairfield, Cal.

petitioners at the hearing, nor did they file with the Court a written statement pursuant to Rule 50(c). During the hearing, respondent made an oral motion to dismiss for lack of jurisdiction and to strike all allegations in the second amended petition pertaining to the Notice of Federal Tax Lien filed October 8, 1998, and the frivolous return penalty imposed under section 6702.

### Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy action until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and if dissatisfied, the person has an opportunity for judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37

(2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). Section 6330 was enacted under the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, and is effective with respect to collection actions initiated more than 180 days after July 22, 1998, i.e., January 19, 1999. See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6330(c) prescribes the matters a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in either the Tax Court or Federal District Court.

Respondent's Oral Motion To Dismiss and To Strike

The Tax Court is a court of limited jurisdiction and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Respondent moves to dismiss for lack of jurisdiction and to strike the allegations in the second amended petition pertaining to the lien filed October 8, 1998, and the assessment and collection of the frivolous return penalty imposed under section 6702. There is no dispute that the lien in question was filed on October 8, 1998--a date that precedes the effective date of section 6330. It follows that the Court lacks jurisdiction to review the lien action in this proceeding. Consequently, we shall grant respondent's oral motion to dismiss and to strike.

Respondent's Motion for Summary Judgment

Petitioners contend that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required under section 6330(c)(1). Respondent maintains that there is no dispute as to a material fact on this point and that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated October 5, 2001. We agree with respondent.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. The summary record of assessment, through supporing records, must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely upon a particular document to verify that the requirements of any applicable law or administrative procedure have been met in a collection matter. See Kuglin v. Commissioner, T.C. Memo. 2002-51. We have held that Forms 4340 are presumptive evidence on which an Appeals officer may rely to verify that an assessment was made against a person for purposes of sections 6320 and 6330. Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); see Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).

The record shows that, prior to the Appeals Office hearing in this matter, the Appeals officer reviewed Form 4340 with regard to petitioners' account for 1996, and provided petitioners with a copy of the same. The Form 4340 is presumptive evidence that all applicable laws and administrative procedures were met as required under section 6330(c)(1). Moreover, petitioners have not demonstrated any irregularity in the assessment procedure that would raise a question about the

validity of the assessments or the information contained in the Form 4340. Davis v. Commissioner, supra at 41. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, and there being no dispute as to a material fact, it follows that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated October 5, 2001.

Respondent's Request for the Imposition of a Penalty Under Section 6673(a)

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalties in collection review cases. Pierson v. Commissioner, 115 T.C. 576 (2000). Although we shall not impose a penalty upon petitioners pursuant to section 6673(a)(1), we admonish petitioners that the Court will consider imposing such

a penalty should they return to the Court and advance similar arguments in the future.

To reflect the foregoing,

<u>An order and decision will be entered granting respondent's oral motion to dismiss for lack of jurisdiction and to strike and respondent's motion for summary judgment and denying respondent's request for the imposition of a penalty pursuant to section 6673(a)</u>.