T.C. Memo. 2002-114


UNITED STATES TAX COURT


KELLY V. KAECKELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6607-01L.                    Filed May 7, 2002.


Kelly V. Kaeckell, pro se.

<u>Karen L. Baker</u> and <u>Charles M. Berlau</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion for Summary Judgment, filed pursuant to
Rule 121.[1]  Respondent contends that there is no dispute as to
any material fact with respect to this levy action, and that

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

respondent's determination to proceed with collection of petitioner's outstanding tax liabilities for the taxable years 1990 through 1996 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's Motion for Summary Judgment.

Background

Petitioner failed to file Federal income tax returns for the taxable years 1990 through 1996. The record shows that respondent prepared substitutes for return for petitioner's taxable years 1990 through 1996.

On September 21, 1999, respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for 1990 through 1996, as follows:

|  |  | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1990 | $8,855 | $2,213.75 | $579.77 |
| 1991 | 1,166 | 291.50 | 66.63 |
| 1992 | 559 | 139.75 | 24.36 |
| 1993 | 1,800 | 450.00 | 75.43 |
| 1994 | 9,154 | 2,288.50 | 475.00 |
| 1995 | 11,814 | 2,953.50 | 640.60 |
| 1996 | 544 | 136.00 | 28.96 |

The deficiencies were based principally on respondent's determination that petitioner failed to report various amounts of nonemployee compensation as reported to respondent by third-party payors on Forms 1099.

Petitioner has admitted that he received the September 21, 1999, notice of deficiency. However, petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency.

On July 15, 2000, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing pertaining to petitioner's outstanding tax liabilities for the years 1990 through 1996.  On August 12, 2000, petitioner filed with respondent a Form 12153, Request for a Collection Due Process Hearing, that included allegations challenging the proposed levy action on the ground that petitioner was not informed of the statutory provisions imposing a tax liability on him.

On December 8, 2000, Appeals Officer Shauna Wright wrote a letter to petitioner informing him of the nature of the Appeals Office review process and providing him with transcripts of account for the years 1990 through 1996.  The transcripts of account identified petitioner by name and Social Security number, identified the type of tax and additions to tax assessed, specified the taxable years in question, and listed the amounts and dates that the assessments were entered.

On April 4, 2001, Appeals Officer Wright conducted an Appeals Office hearing in this matter that petitioner attended. Prior to the hearing, Appeals Officer Wright reviewed TXMODA transcripts of account dated October 26, 2000, regarding petitioner's accounts for the taxable years 1990 through 1996.[2]

---

[2] A TXMODA transcript contains current account information obtained from respondent's master file.  "TXMODA" is the command

(continued...)

The transcripts indicated that respondent made assessments against petitioner on February 14, 2000, for the taxes and additions to tax set forth in the notice of deficiency dated September 21, 1999, and for statutory interest. In addition, the transcripts of account indicated that on February 14, 2000, respondent issued to petitioner notices and demand for payment of the assessed amounts.

On May 9, 2001, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice states that the Appeals Office determined that it was appropriate to proceed with the collection of petitioner's outstanding tax liabilities by levy. On May 17, 2001, petitioner filed with the Court an imperfect petition for lien or levy action seeking review of respondent's notice of determination.[3] On June 19, 2001, petitioner filed an amended petition alleging that the Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1).

---

[2](...continued)
code that is entered into respondent's integrated data retrieval system (IDRS) to obtain the transcript. IDRS is essentially the interface between respondent's employees and respondent's various computer systems.

[3] At the time that the petition was filed, petitioner resided in Mission, Kansas.

After filing an answer to the amended petition, respondent filed a Motion for Summary Judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that the Appeals officer's review of the TXMODA transcripts of account dated October 26, 2000, satisfied the verification requirement imposed under section 6330(c)(1).

Petitioner filed an Objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if

dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.[4] See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioner argues that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). We reject petitioner's argument

---

[4] As previously stated, petitioner has admitted that he received the notice of deficiency dated Sept. 21, 1999. However, petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency.

because the record establishes that the Appeals officer obtained and reviewed transcripts of account for petitioner's taxable years 1990 through 1996.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the transcripts of account on which the Appeals officer relied, as well as the transcripts of account that she furnished to petitioner before the hearing, contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the

validity of the assessments or the information contained in the transcripts of account.  See Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a justiciable issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated May 9, 2001.

Finally, we mention section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalties in collection review cases.  Pierson v. Commissioner, 115 T.C. 576 (2000).  Although we will not impose a penalty on petitioner pursuant to section 6673(a)(1) in the present case, we admonish petitioner that the Court shall consider imposing such a penalty should he return to

the Court in the future and advance similar arguments.

To reflect the foregoing,

An order and decision will be entered granting respondent's motion for summary judgment.