T.C. Memo. 2003-6

UNITED STATES TAX COURT

JEFFREY M. YOUNG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1193-02L.          Filed January 8, 2003.

Jeffrey M. Young, pro se.

<u>Jeffrey C. Venzie</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before us on respondent's
motion for summary judgment under Rule 121[1] and to impose a
penalty under section 6673.  Respondent argues that no genuine
issue exists as to any material fact and that his determination

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code as amended.

to maintain a notice of Federal tax lien filed under section 6323 should be sustained.  At the time of filing the petition, petitioner resided in Scranton, Pennsylvania.

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials.  <u>Shiosaki v. Commissioner</u>, 61 T.C. 861, 862 (1974).  A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. <u>FPL Group, Inc. & Subs. v. Commissioner</u>, 116 T.C. 73, 74-75 (2001).  In all cases, the evidence is viewed in the light most favorable to the nonmoving party.  <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993).  However, the nonmoving party is required "to go beyond the pleadings and by" his "own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); see also <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Group, Inc. & Subs. v. Commissioner</u>, 115 T.C. 554,

560 (2000).  Petitioner has not filed a response to respondent's motion as required by our order of October 2, 2002.

Petitioner filed Federal income tax returns for 1994, 1997, 1998, and 1999.  Those returns reported taxes due; however, petitioner did not pay the entire amount of the taxes shown on his returns.  Respondent assessed the taxes reported and also assessed additions to tax and interest.

On April 4, 2001, respondent issued to petitioner a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320".[2]  The lien filing was made with respect to unpaid taxes stated as follows:

| Type of tax | Period | Amount |
|---|---|---|
| 1040 | 12/31/1994 | $698.69 |
| 1040 | 12/31/1997 | 189.34 |
| 1040 | 12/31/1998 | 3,450.59 |
| 1040 | 12/31/1999 | 1,466.73 |

Petitioner filed a Form 12153, Request for a Collection Due Process Hearing, with respect to the lien filing.  An attachment to that Form 12153 states in pertinent part:

> Summarizing, I am requesting a "Due Process Hearing" as outlined Form 12153. [sic] I am "challenging the appropriateness of (the) collection action" as specified in 6330(c)(2)(A)(ii) since the IRS denied all of my requests of the initial "examinations" and "interviews" as provided in Publications 1 & 5.  In addition, no lien for taxes pursuant to Code Sections 6321 and 6322 is possible because no valid, underlying

---

[2]Respondent filed a Form 668(Y)(c), Notice of Federal Tax Lien, with the prothonotary of Lackawanna County, Scranton, Pennsylvania.

assessment was ever made.  In addition, I never received a <u>statutory</u>, "notice and demand" for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331.  If the appeals officer is going to claim that a particular document sent to me by the IRS was a "Notice and Demand" for payment, then I am requesting that he also provide me with a T.D. or Treasury Regulation, which identifies that specific document as being the official, <u>statutory</u> "Notice and Demand" for payment.

In addition, I am "challenging the existence of the underlying tax liability" as I am authorized to do in Code Section 6330(c)(2)(B).  In addition, I did not receive a (valid) notice of deficiency in connection with any of the years at issue.  I am also requesting that the appeals officer have at the "Due Process hearing" a copy of the "Summary Record of Assessment" (Form 23 C) together with the "pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the taxable period, and the amount assessed" as provided for in Treasury Regulation 301.6203-1.

In addition, I want to see <u>proof</u> that a purported "Deficiency Notice" was actually sent to me.  Also, since Section 6330(c)(1) requires that "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," I am requesting that the Appeals Officer <u>have such verification with him</u> at the Appeals Conference. However, if the verification called for by 6330(c)(1) is signed by someone <u>other then [sic] the Secretary himself</u>, than - in line with the Supreme Court's holding in <u>Federal Crop Ins. Corp vs. Merril</u>, 92L.ED.11 - I am requesting that the Appeals Officer also have a Delegation Order from the Secretary delegating to that the [sic] person the authority to prepare such a "verification."

Petitioner also submitted a supplement to the Form 12153 request in which he requested that the Appeals officer have the following documents at the Appeals hearing:  (1) Verification from the

Secretary; (2) proof that a notice and demand for payment was sent to petitioner, a copy of the actual notice and demand that was sent or a blank copy of the notice, and a Treasury decision or Treasury regulation which identifies that notice as the statutory notice and demand.  In addition, petitioner raised challenges to the "existence" of his underlying tax liabilities, claiming that no "liability" for income taxes exists as a matter of law.[3]  Further, petitioner claimed that there is no statute requiring him "to pay" income taxes.

A hearing was held on September 19, 2001.[4]  In that proceeding, petitioner did not raise any collection alternatives or other relevant issues.  Instead, petitioner insisted that he did not receive a "statutory notice and demand" for payment.  Petitioner also argued:

> there is no statutory liability in connection with these taxes at issue, nor is there a provision that states that I have to pay the taxes at issue, and in my letter I said that if the appeals officer believes otherwise, he need only identify the code section that establishes such a liability and payment for taxes, and I would immediately make arrangements to pay as provided in code section 6330(C)(2) [sic] for whatever the amount the appeals officer claims is due.

Frank Smigiel (Mr. Smigiel) accompanied petitioner to the Appeals hearing.  The Appeals officer did not permit Mr. Smigiel to

---

[3]Petitioner stated that he was not disputing the "amount" of his underlying tax liabilities.

[4]Attached to the petition is a document that petitioner claims to be a transcription of the Appeals hearing.

represent petitioner at the Appeals hearing since he was not an attorney in good standing, a certified public accountant, or an enrolled agent in good standing. The Appeals officer allowed Mr. Smigiel to stay at the hearing as a witness only. The Appeals officer verified that all applicable laws and administrative procedures had been met. In doing so, he reviewed the information in the case file, petitioner's Form 12153, the tax correspondence, and the case history. The Appeals officer reviewed the transcripts for 1994, 1997, 1998, and 1999 and determined that the proper taxes were assessed, they remained unpaid, and demand for payment had been made.

On October 5, 2001, the Internal Revenue Service (IRS) Office of Appeals issued a notice of determination sustaining the notice of Federal tax lien filing. The notice of determination states in relevant part as follows:

> Relevant Issues Presented by the Taxpayer
>
> You do not believe that the filing of Notice of Federal Tax Lien is appropriate. You were presented with copies of certified transcripts but failed to show why the lien should be withdrawn or offer alternatives to this action. You engaged in repeated requests for documents that were irrelevant, unnecessary or for purposes of delay. You were given the opportunity to resolve the liabilities or suggest alternatives but chose not to.
>
> You also objected that Mr. Frank Smigiel was not allowed to represent you. Mr. Smigiel cannot represent you before Appeals per Cir 230 and Rev. Proc. 81-38. To represent you before Appeals, he must be an Attorney, Certified Public Accountant or an Enrolled Agent. Mr. Smigiel has none of these qualifications.

In addition, during the period of the appeal, you have incurred another liability and have failed to pay estimated taxes as required by law.  You have a long history of noncompliance and the appeal appears primarily for delay.

This appeal is limited to the filed Notice of Federal Tax Lien.

III. Balancing Efficient Collection and Intrusiveness

Further delay would only result in increasing the liabilities as you have done during the appeal.  You are not eligible for an installment agreement or an offer in compromise due to your lack of compliance.

Although you have had opportunities to comply, you have failed to do so.  Therefore, it is recommended that the actions by the Compliance [sic] be sustained, as appropriate, after considering all of the facts, circumstances and law.  The filed Notice of Federal Tax Lien shall remain in full force and effect.

Petitioner timely filed a petition with the Tax Court, in which he alleged as error:  (1) He did not receive the statutory notice and demand for payment; (2) the Appeals officer did not obtain and produce the verification from the Secretary as provided in section 6330(c)(1); (3) the Appeals officer refused to address challenges to the existence of petitioner's underlying tax liability; (4) the Appeals officer refused to allow Mr. Smigiel to represent petitioner at the Appeals hearing; and (5) the notice of determination is invalid because the Appeals officer ended the hearing abruptly and did not allow petitioner to "raise any issues as provided for in the law."  Petitioner

states in his petition that he "is not challenging the assessment".

On September 30, 2002, respondent filed a motion for summary judgment and to impose a penalty under section 6673. On October 2, 2002, we ordered petitioner to file a response to that motion on or before November 13, 2002. Petitioner has not filed a response to respondent's motion as required by our order of October 2, 2002. After reviewing the pleadings and the materials in the record, we find that no genuine issue of material fact exists and that respondent's determination should be sustained as a matter of law.

Under section 6330(c)(2)(B), a taxpayer may raise challenges to the existence or amount of his underlying tax liability if he did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.[5] Petitioner has not raised any legitimate issues regarding his underlying tax liabilities in his request for an Appeals hearing, in his supplement to that request, in the course of the Appeals Office proceedings, and in his petition filed with this Court. Instead, petitioner challenges the "existence" of his underlying tax liabilities on the basis that no Internal Revenue Code section

_____

[5]We avoid herein whether the self-reporting of taxes on a return constitutes an opportunity to dispute those taxes for purposes of sec. 6330(c)(2)(B). See Horn v. Commissioner, T.C. Memo. 2002-207.

makes him "liable" for income taxes or requires him "to pay" income taxes.  We have consistently rejected this type of frivolous, tax-protester argument, and we perceive no reason, nor are we required, to address such contentions.  See, e.g., <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984); <u>Keene v. Commissioner</u>, T.C. Memo. 2002-277; <u>Hall v. Commissioner</u>, T.C. Memo. 2002-267.  We address petitioner's remaining contentions to determine whether the Appeals officer abused his discretion.  See <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 (2001).

Section 6330(c)(1) requires the Appeals officer to verify that the requirements of any applicable law or administrative procedure have been met.  However, section 6330(c)(1) does not require the Appeals officer to rely on a particular document to satisfy his verification function.  <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51.  Further, that section does not require the Appeals officer to provide a copy of the verification that the requirements of any applicable law or administrative procedure have been met.  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).

In the instant case, the Appeals officer reviewed transcripts of petitioner's account for 1994, 1997, 1998, and 1999, as well as other relevant items in the case file.  The Appeals officer verified that all applicable laws and administrative procedures had been met and that petitioner received notice and demand for payment for the unpaid tax

liabilities at issue.  Copies of the certified transcripts were provided to petitioner.  Petitioner does not challenge the validity of the assessments of taxes.  Further, our review of the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, shows that the assessments were valid.[6]  We perceive no irregularities in the assessment procedures.  The Form 4340 also indicates that multiple notices of balance due, as well as the notice of intent to levy, were sent to petitioner for each of the tax years at issue.  Those notices satisfy the requirements of section 6303(a).  Tornichio v. Commissioner, T.C. Memo. 2002-291.[7]

The Appeals officer did not abuse his discretion in refusing to allow Mr. Smigiel to represent petitioner at the Appeals hearing.  The Appeals officer determined that Mr. Smigiel was not an attorney in good standing, a certified public accountant, or an enrolled tax return preparer in good standing.  Accordingly,

---

[6]A Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, provides at least presumptive evidence that the taxes were validly assessed.  Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001).  The Form 4340 herein contains all the information prescribed in sec. 301.6203-1, Proced. & Admin. Regs., including identification of the taxpayer, the character of the liabilities assessed, the taxable periods, and the amounts of the assessments.

[7]Petitioner suggests that a Form 17 or Form 17A is the only document that satisfies sec. 6303(a), seemingly relying upon a 1914 Treasury decision.  We have previously rejected this argument.  Keene v. Commissioner, T.C. Memo. 2002-277; Davich v. Commissioner, T.C. Memo. 2002-255; Tapio v. Commissioner, T.C. Memo. 2002-141.

under Treasury Department Circular No. 230, current version at 31
C.F.R. secs. 10.3 and 10.7 (2001), and Rev. Proc. 81-38, 1981-2
C.B. 592, Mr. Smigiel was not permitted to represent petitioner
before the IRS Appeals Office.

Finally, the notice of determination herein is valid on its
face.  It is not invalid by reason of the Appeals officer's
concluding the Appeals hearing "abruptly".  Moreover, the Appeals
officer did not terminate the hearing "abruptly" as petitioner
contends.  The Appeals officer gave petitioner ample opportunity
to raise relevant issues relating to the notice of Federal tax
lien filing.  However, petitioner insisted upon making frivolous
and groundless arguments.  Only after petitioner continued to
repeat those same arguments and after he failed to raise any
relevant issues did the Appeals officer end the hearing.  The
Appeals officer did not abuse his discretion in doing so.

Section 6673(a)(1) authorizes the Tax Court to require a
taxpayer to pay to the United States a penalty whenever it
appears that proceedings have been instituted or maintained by
the taxpayer primarily for delay or that the taxpayer's position
in the proceeding is frivolous or groundless.  Throughout the
proceedings in this case, petitioner has raised the same
arguments that we have previously and consistently rejected as
frivolous and groundless.  Petitioner failed to file a response
to respondent's motion for summary judgment as required by our

order of October 2, 2002. Petitioner has failed to present any legitimate arguments regarding the collection action at issue, and the only reason we find for his instituting and maintaining these proceedings is delay. Accordingly, we impose a penalty of $500.

<u>An appropriate order and decision will be entered for respondent</u>.