117 T.C. No. 10

UNITED STATES TAX COURT

BRIAN AND TINA NICKLAUS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4221-00L.          Filed September 14, 2001.

<u>Held</u>:  Sec. 301.6203-1, Proced. & Admin. Regs.,
does not require that one of respondent's assessment
officers sign and date Form 4340, Certificate of As-
sessments and Payments, in order to have a valid as-
sessment of a taxpayer's liability.

<u>Held</u>, <u>further</u>:  Forms 4340 that respondent pre-
pared with respect to petitioners' respective tax
liabilities for taxable years 1993 through 1996 indi-
cate that respondent properly assessed those liabili-
ties.

<u>Held</u>, <u>further</u>:  Respondent did not abuse respon-
dent's discretion in determining to proceed with col-
lection of petitioners' respective tax liabilities for
taxable years 1993 through 1996.

Brian and Tina Nicklaus, pro sese.

<u>Kenneth P. Dale</u>, for respondent.


OPINION


CHIECHI, <u>Judge</u>:  The petition in this case was filed in response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determination).

<u>Background</u>

The record establishes and/or the parties do not dispute the following:

At the time the petition in this case was filed, petitioners' mailing address was in Stevenson, Washington.

On September 12, 1995, petitioners filed their Federal income tax return (return) for 1993, and on September 19, 1995, petitioners filed their return for 1994.  On January 28, 1998, pursuant to section 6020(b)[1] respondent prepared substitute returns for petitioners' taxable years 1995 and 1996, respectively.  On April 3, 1998, respondent issued a notice of deficiency (notice) with respect to each of petitioners' taxable years 1993 through 1996.  Petitioners did not petition the Court in order to dispute respondent's determinations in those notices.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

On August 24, 1998, respondent made the following assessments on Form 23C, Assessment Certificate--Summary Record of Assessments (Form 23C),[2] "per default of 90 day letter", of petitioners' tax liability for each of their taxable years 1993 and 1994 and sent a so-called notice of balance due to petitioners with respect to each of those years, and on August 31, 1998, respondent made the following assessments on Form 23C, "per default of 90 day letter", of petitioners' tax liability for each of their taxable years 1995 and 1996 and sent a notice of balance due with respect to each of those years:

|  | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|
| Deficiency | $2,044.00 | $2,516.00 | $6,082.00 | $9,352.90 |
| Late filing penalty | 429.25 | 143.00 | 1,192.00 | 1,757.48 |
| Accuracy-related penalty | 408.80 | 263.20 | -- | -- |
| Estimated tax penalty | -- | -- | 250.61 | 360.43 |
| Interest on deficiency | 1,187.04 | 339.42 | 1,374.78 | 1,118.61 |

At a time not disclosed by the record prior to November 25, 1998, petitioners received notice from respondent that respondent intended to issue a notice of levy with respect to their taxable years 1993 through 1995. On November 25, 1998, respondent issued a notice of levy with respect to those taxable years to each of the following banks: First Independent Bank in Vancouver,

_____

[2]The record does not contain Form 23C, Assessment Certificate--Summary Record of Assessments, that the Commissioner of Internal Revenue uses to assess the tax liabilities of taxpayers. However, we have obtained and take judicial notice of that form.

Washington, and First National Bank in Libby, Montana.[3]

On July 16, 1999, respondent filed notices of Federal tax lien with respect to petitioners' taxable years 1993 through 1996 (July 16, 1999 notices of Federal tax lien) and notified petitioners of their right to an Appeals Office hearing.  Petitioners requested such a hearing.  In their request for an Appeals Office hearing, petitioners did not refer to the notices of intent to levy with respect to their taxable years 1993 through 1995 that they had received from respondent sometime prior to November 25, 1998, or to the notices of levy with respect to those years that respondent issued to two banks on that date.  At the Appeals Office hearing regarding the July 16, 1999 notices of Federal tax lien, respondent's Appeals officer did not raise any questions regarding those notices of intent to levy or those notices of levy.

_____

[3]Sec. 6330, which generally provides that the Secretary may not proceed with the collection of taxes by way of levy until the taxpayer has been given notice and an opportunity for administrative review of the matter in the form of an Appeals Office hearing, was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746.  Sec. 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998, i.e., after Jan. 18, 1999.  See RRA 1998 sec. 3401(d), 112 Stat. 750.  Sec. 6330 did not require respondent to offer petitioners an opportunity for an Appeals Office hearing regarding the levy with respect to petitioners' taxable years 1993 through 1995 referred to above.  That is because it was prior to the effective date of sec. 6330 that respondent notified petitioners of respondent's intent to levy with respect to their taxable years 1993 through 1995 and issued notices of levy to two banks with respect to those years.

During the consideration by the Appeals Office of petitioners' objection to the July 16, 1999 notices of Federal tax lien, the Appeals Office sent petitioners Form 4340, Certificate of Assessments and Payments (Form 4340), with respect to each of their taxable years 1993 through 1996. Form 4340 for each of the years 1993 and 1994 showed, inter alia, that on August 24, 1998, respondent had assessed on Form 23C petitioners' tax liability for each such year. Form 4340 for each of the years 1995 and 1996 showed, inter alia, that on August 31, 1998, respondent had assessed on Form 23C petitioners' tax liability for each such year.

After the Appeals Office hearing was held regarding the July 16, 1999 notices of Federal tax lien, the Appeals Office issued a notice of determination to petitioners on March 16, 2000. That notice of determination stated in pertinent part as follows:

- All provisions of IRC §6330 and IRC §6320 have been met. The Secretary has provided sufficient verification that the requirements of applicable law or administrative procedures have been met.

- Your Request for a Collection Due Process Hearing was submitted under IRC §6320 to have the Notice of Federal Tax Lien rescinded. In your request for a hearing you alleged that you do not agree with the notices or the amounts stated on these notices and that you have not had an opportunity to be heard and to present your facts to prove the notices incorrect. You state that there is not an assessment Form 23C in the record and that the liens were filed without the mandated lawful process of the Internal Revenue Code. You also state that you have not been sent an official Notice of Deficiency and that the Notices of Deficiency you

received were not signed and therefore are in-
valid. You had an opportunity to respond to the
notices and be heard during the audit process.
Additionally, the notices provided you the oppor-
tunity to proceed to tax court if you disagreed
with the proposed liabilities. You have been
provided a certified transcript of your accounts
certifying the assessments. The Notices of Fed-
eral Tax Lien were filed in accordance with the
Internal Revenue Code. The Notices of Deficiency
were issued properly to you in accordance with the
Internal Revenue Code. The courts have found that
there is no Internal Revenue Code requirement that
the Notice of Deficiency be signed.

- It is Appeals decision that the Notices of Federal
  Tax Lien were properly recorded and that the
  recordation of the liens balances the need for
  efficient collection of taxes with the taxpayer's
  legitimate concern that any collection action be
  no more intrusive than necessary.

\*　　\*　　\*　　\*　　\*　　\*　　\*

**Summary of Determination:**

It is Appeals decision that the Notices of Federal Tax
Lien were properly recorded.

Discussion

On brief, petitioners state: "The Petitioners in the case

at bar are only going to challenge, in this brief, the mandated

requirements of the Certificates of Assessments and Payments",

i.e., Forms 4340, that the Appeals Office sent them with respect

to their taxable years 1993 through 1996.[4]

---

[4]On brief, petitioners advance none of the other arguments
and contentions that petitioners asserted prior to the filing of
their brief in this case. We conclude that petitioners have
abandoned those other arguments and contentions. See Rybak v.
Commissioner, 91 T.C. 524, 566 n.19 (1988). Even if we had not
(continued...)

Where, as is the case here, the validity of the underlying tax liability is not properly at issue, the Court will review the administrative determination of the Commissioner of Internal Revenue for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Petitioners state on brief, and we agree, that, in order for the July 16, 1999 notices of Federal tax lien to be valid and enforceable, the assessments that respondent made of petitioners' respective tax liabilities for their taxable years 1993 through 1996 must have been valid.  Petitioners argue that respondent's assessments of those liabilities were procedurally defective and therefore not valid.  That is because, according to petitioners, one of respondent's assessment officers did not sign and date Forms 4340 that respondent prepared with respect to petitioners' taxable years 1993 through 1996, respectively, as required by section 301.6203-1, Proced. & Admin. Regs.

On the record before us, we reject petitioners' position. Section 301.6203-1, Proced. & Admin. Regs., does not require that one of respondent's assessment officers sign and date Form 4340 in order to have a valid assessment of a taxpayer's liability. Although those regulations do require an assessment to be made

---

⁴(...continued)
concluded that petitioners abandoned the arguments and contentions which they advanced prior to the time that they filed their brief in this case, on the record before us, we reject those other arguments and contentions.

"by an assessment officer signing the summary record of assess-
ment", sec. 301.6203-1, Proced. & Admin. Regs., the summary
record of assessments that respondent uses to comply with that
regulation is Form 23C, Assessment Certificate--Summary Record of
Assessments, and not Form 4340, Certificate of Assessments and
Payments.[5]

The courts have generally held that Form 4340 provides at
least presumptive evidence that a tax has been validly assessed
under section 6203. Davis v. Commissioner, 115 T.C. 35, 40
(2000)(citing, inter alia, Huff v. United States, 10 F.3d 1440,
1445 (9th Cir. 1993); Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir.
1993); Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993)).
We conclude that Forms 4340 that respondent prepared with respect
to petitioners' respective tax liabilities for taxable years 1993
through 1996 establish that respondent properly assessed those
liabilities[6] and that those liabilities remain unpaid. Petition

---

[5]Petitioners rely on Brafman v. United States, 384 F.2d 863
(5th Cir. 1967), to support their position that, in order for
there to be valid assessments of their respective tax liabilities
for petitioners' taxable years 1993 through 1996, one of respon-
dent's assessment officers was required to sign and date Forms
4340 that respondent prepared with respect to those years.
Petitioners' reliance on Brafman is misplaced. Brafman involved
Form 23C, Assessment Certificate--Summary Record of Assessments;
it did not involve Form 4340, Certificate of Assessments and
Payments.

[6]Forms 4340 in question show that on Aug. 24 and 31, 1998,
respectively, respondent assessed on Forms 23C petitioners'
respective tax liabilities (1) for taxable years 1993 and 1994
(continued...)

ers have not shown any irregularity in respondent's assessment procedures that raises a question about the validity of respondent's assessments of those tax liabilities.

On the record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with collection of petitioners' respective tax liabilities for taxable years 1993 through 1996.

We have considered all of petitioners' contentions and arguments on brief that are not discussed herein with respect to their position that respondent's assessments of their respective tax liabilities for taxable years 1993 through 1996 are invalid because one of respondent's assessment officers did not sign and date Forms 4340 that respondent prepared with respect to those years, and we find them to be irrelevant and/or without merit.[7]

_____

[6](...continued)
and (2) for taxable years 1995 and 1996. Petitioners have not shown, or even alleged, that one of respondent's assessment officers did not sign and date those Forms 23C.

[7]We shall address one matter that, while not altogether clear, petitioners may be arguing on brief. Petitioners may be taking the position on brief that the July 16, 1999 notices of Federal tax lien are invalid and unenforceable because they did not receive certain documentation to which they are entitled under sec. 6203. That section states that a taxpayer is entitled to a copy of the "record of the assessment". The regulations under sec. 6203 provide:

If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the
(continued...)

To reflect the foregoing,

Decision will be entered

for respondent.

---

[7](...continued)
liability assessed, the taxable period, if applicable, and the amounts assessed.  [Sec. 301.6203-1, Proced. & Admin. Regs.]

The Court of Appeals for the Ninth Circuit, to which an appeal in this case would normally lie, has held that respondent's providing a taxpayer with a copy of Form 4340 satisfies the requirements of sec. 6203 and the regulations thereunder quoted above. Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993). Petitioners admitted through petitioner Brian Nicklaus' testimony that they received Forms 4340 that respondent prepared with respect to their taxable years 1993 through 1996.  We conclude that petitioners received the documentation to which they are entitled under sec. 6203 and sec. 301.6203-1, Proced. & Admin. Regs.