T.C. Memo. 2005-156

UNITED STATES TAX COURT

BRIAN AND TINA NICKLAUS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8587-04L.                    Filed June 27, 2005.

Brian Nicklaus and Tina Nicklaus, pro se.

<u>Aimee R. Lobo-Berg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330 (the levy determination) on April 15, 2004, in which respondent determined to proceed with collection by levy from both petitioners of income tax liabilities for 1993 and 1994 and from Brian Nicklaus for 1995-2000.

The sole issue for decision is whether respondent's determination was an abuse of discretion. We hold that it was not.

Unless otherwise stated, section references are to the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure. References to petitioner are to Brian Nicklaus.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are married and had a mailing address in Stevenson, Washington, when the petition was filed.

A. Petitioners' Prior Tax Court Case Relating to Respondent's Lien for Petitioners' Tax Years 1993-96

Petitioners had a prior case in this Court, Nicklaus v. Commissioner, 117 T.C. 117 (2001), in which we sustained respondent's determination that notices of Federal tax lien for petitioners' 1993-96 income tax liabilities had been properly recorded.

Petitioners filed Federal income tax returns for 1993 and 1994 in September 1995. Id. at 117. Respondent prepared substitutes for petitioners' 1995 and 1996 returns and issued a notice of deficiency to petitioners for their 1993-96 tax years. Id. Petitioners did not file a petition with this Court for 1993-96. Id.

Respondent assessed tax, penalties, and interest for petitioners' 1993-96 tax years and sent them a notice of balance due for those years. Id. at 117-118. Prior to November 25, 1998, petitioners received a notice from respondent that respondent intended to collect tax owed by petitioners for those years by levy. Id. at 118. On November 25, 1998, respondent issued a notice of levy to two banks with respect to petitioners' tax liabilities for 1993-95. Id.

Respondent filed notices of Federal tax lien with respect to petitioners' 1993-96 tax years on July 16, 1999. Id. at 118. Petitioners timely requested a hearing. Id. Respondent's Appeals Office conducted the hearing and gave petitioners copies of Forms 4340, Certificate of Assessments and Payments, for 1993-96. Id. at 119. After the hearing, respondent issued a notice of determination sustaining the notice of Federal tax lien. Id. at 119-120.

Petitioners timely filed a petition with this Court to obtain judicial review of respondent's notice of determination relating to the lien. A trial was held. On brief, petitioners said that the sole issue was whether the requirements for issuing a Form 4340 had been met. Id. at 120. In our opinion in that case, we held that the requirements for sustaining the notice of Federal tax lien had been met because Form 4340 establishes a presumption that tax was validly assessed, and petitioners had

not shown any irregularity in respondent's assessment procedures. Id. at 120-122.

B.  Respondent's Notice of Levy for Petitioner's Tax Years 1993-2000 and Tina Nicklaus's Tax Years 1993-94

Respondent prepared substitutes for petitioner's returns for tax years 1997-99 on February 1, 2001, and for 2000 on July 11, 2002.  Respondent issued notices of deficiency to petitioner for 1997-2000 on dates not stated in the record.  Petitioner did not file a petition in this Court for those years.  Respondent assessed tax, additions to tax, and interest for petitioner's tax years 1997-99 on July 14, 2003, and for his tax year 2000 on September 8, 2003.

On September 9, 2004, respondent sent a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing to Tina Nicklaus for income taxes for 1993 and 1994 and to petitioner for 1993-2000.  Petitioners filed separate requests for a hearing under section 6330(b).

Appeals Officer Jean Duncan (Duncan) was assigned to petitioners' case.  Duncan gave petitioners Forms 4340 for 1993-2000 before the hearing under section 6330(b).  As part of their section 6330(b) hearing, petitioners gave Duncan seven documents including petitioner's description of respondent's actions with respect to petitioners' 1993-2000 tax years and copies of various transcripts.

Duncan reviewed respondent's administrative records for petitioners and all documents submitted by petitioners. Duncan considered petitioners' arguments and concluded that petitioners had not shown that there were any irregularities in assessment procedures for the years in issue.

Respondent sent petitioners a Notice of Determination with respect to the levy concerning their income tax liability for 1993 and 1994 on April 15, 2004. Respondent sent a Notice of Determination to petitioner with respect to the levy concerning income tax he owed for 1995-2000 on April 15, 2004. Petitioners timely filed a petition in this Court.

On Forms 4340 for 1995 and 1996, Tina Nicklaus's Social Security number is partially incorrect and petitioner's first name is misspelled.

OPINION

A.  Contentions of the Parties and Background

Petitioners contend that respondent's transcripts show that respondent did not follow proper assessment procedures and that this Court lacked jurisdiction in their prior case before this Court and in this case. Petitioners ask that we vacate the decision in their prior case and that we remand this case to respondent.[1]

---

[1] Petitioners do not contend that sec. 7491(a) applies in this case and have not established that they met the requirements of sec. 7491(a)(2).

Respondent contends that petitioners are collaterally estopped from alleging irregularities in the assessment of their tax liabilities for 1993-96.  Respondent also contends that all requirements have been met for respondent to collect taxes that petitioners owe for 1993-2000.

Section 6330 (pertaining to levies) provides for administrative and judicial review of certain collection actions. The Commissioner is required to give a taxpayer written notice that a Federal tax lien has been filed and/or that the Commissioner intends to levy and to explain to the taxpayer that such collection actions may be challenged on various grounds at an administrative hearing.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c)(1) requires the Appeals Office to obtain verification that "the requirements of any applicable law or administrative procedure have been met."  Section 6330(c)(2) prescribes the matters that a person may raise at an administrative hearing.  Section 6330(c)(2)(A) provides that a person may raise issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.

B.    Whether This Court Has Jurisdiction in This Case

Petitioners contend that this Court lacks jurisdiction in this case because (1) the underlying tax liability at issue is for employment or excise tax, and (2) respondent may not file a substitute for return for individual income tax.

1.    Whether the Underlying Liability Is for Employment or Excise Tax

Petitioner contends that records that he obtained from respondent under the Freedom of Information Act, 5 U.S.C. sec. 552 (2000), show that employment or excise taxes, but not income taxes, are at issue in this case, and that respondent's records show that petitioners were employers.  We disagree.

On each of the Forms 4340 for the years in issue, respondent certified that respondent assessed individual income tax.  On the Final Notice - Notice of Intent to Levy & Your Notice Of a Right To A Hearing, respondent identified Form 1040, U.S. Individual Income Tax Return, as the form for the underlying tax which respondent seeks to collect.  Petitioners wrote "1040" in the space for "Tax Form Number(s)" on their requests for a hearing under section 6330.  The notice of determination states that it relates to income tax and the form number is Form 1040.  We conclude that respondent seeks to collect Federal individual income tax from petitioners for 1993-94 and from petitioner for 1995-2000.

2.    Whether Respondent May Prepare Substitutes for
      Individual Income Tax Returns

Petitioners contend that respondent may not prepare substitutes for returns for them because part 5.1.11.6.10 of the Internal Revenue Manual (IRM) (May 27, 1999) lists seven returns[2] that may be prepared under the authority of section 6020(b) and does not mention Form 1040.

We disagree.  The Internal Revenue Service may prepare substitute returns for taxpayers who fail to do so themselves. Sec. 6020(b)(1);[3] <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 171-172

---

[2]    The seven returns are: Form 940, Employer's Annual Federal Unemployment Tax Return; Form 941, Employer's Quarterly Federal Tax Return; Form 943, Employer's Annual Tax Return for Agricultural Employees; Form 720, Quarterly Federal Excise Tax Return; Form 2290, Heavy Vehicle Use Tax Return; Form CT-1, Employer's Annual Railroad Retirement Tax Return; and Form 1065, U.S. Partnership Return of Income.

[3]    Sec. 6020 provides:

SEC. 6020. RETURNS PREPARED FOR OR EXECUTED BY SECRETARY.--

    (a) Preparation of return by Secretary.--If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

    (b) Execution of Return by Secretary.--

    (1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or

(continued...)

(2003); <u>Millsap v. Commissioner</u>, 91 T.C. 926, 936 (1988); see also <u>United States v. Updegrave</u>, 80 AFTR 2d 97-5290, 97-1 USTC par. 50,465 (E.D. Pa. 1997). IRM provisions not cited by petitioners state that respondent may prepare substitutes for Forms 1040 under section 6020(b). See, e.g., IRM, pt. 3.0.273.40.3(6) (Jan. 1, 2005), pt. 5.1.15.2 (July 30, 1999). We conclude that respondent may prepare substitutes for petitioners' individual income tax returns for the years in issue,[4] and that this Court has jurisdiction to review respondent's determination to proceed with collection.

C.  <u>Whether Petitioners Are Collaterally Estopped From Contending That Irregularities Exist in Assessment of Their Tax Liabilities for 1993-96</u>

We held in <u>Nicklaus v. Commissioner</u>, 117 T.C. at 121, that respondent had properly assessed petitioners' tax liabilities for 1993-96 and that those liabilities remain unpaid. Respondent contends that collateral estoppel precludes petitioners from

---

[3](...continued)
otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

[4] Respondent does not contend and we need not decide whether the returns prepared by respondent in this case meet the requirements of sec. 6020(b) in all respects.

alleging irregularities in the assessment of their Federal income taxes for 1993-96.

If collateral estoppel applies, issues which were litigated and decided in an earlier case cannot be relitigated by the parties or their privies.  <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979); <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 n.5 (1979); <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 597 (1948). Collateral estoppel protects adversaries from the expense and vexation of multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.  <u>Montana v. United States</u>, <u>supra</u> at 153-154; <u>Meier v. Commissioner</u>, 91 T.C. 273, 282-284 (1988).

Collateral estoppel applies if the following requirements are met:  (1) The issue in the second suit is identical to the issue decided in the first suit, <u>Commissioner v. Sunnen</u>, <u>supra</u> at 599-600; (2) there is a final judgment rendered by a court of competent jurisdiction, <u>Peck v. Commissioner</u>, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990); <u>Gammill v. Commissioner</u>, 62 T.C. 607, 613 (1974); (3) the parties to the second suit are the same as the parties to the first suit or in privity with them, <u>Peck v. Commissioner</u>, <u>supra</u> at 166-167; <u>Gammill v. Commissioner</u>, <u>supra</u> at 614-615; (4) the parties actually and necessarily litigated the matters at issue, and the resolution of those matters was essential to the prior decision, <u>Commissioner v. Sunnen</u>, <u>supra</u> at 598, 601; (5) the controlling

facts and legal principles remain unchanged, id. at 599-600; and (6) there are no special circumstances that would warrant making an exception to the normal rules of issue preclusion, Montana v. United States, supra at 162; Meier v. Commissioner, supra at 291-292.

These requirements are met in this case.  First, petitioners disputed respondent's assessment procedures for 1993-96 in the prior case and in this case.  Thus, identical matters are at issue in the prior case and in the instant case.  Second, our decision in the prior case is final.  Third, the parties in this case are the parties in the prior case.  Fourth, during the prior trial, petitioners and respondent actually and necessarily litigated respondent's assessment procedures for 1993-96 and whether respondent's proposed collection action for those years was appropriate.  The resolution of those matters was essential to the decision in the first suit.  Fifth, the controlling facts and legal principles have not changed.  Meier v. Commissioner, supra at 291.  Sixth, petitioners do not contend, and we do not find, that special circumstances are present that would warrant not applying the normal rules of issue preclusion.  See Montana v. United States, supra; Meier v. Commissioner, supra at 291-292. Thus, petitioners are collaterally estopped from alleging irregularities in the assessment of their Federal income taxes for 1993-96.

D.  Whether Requirements for Collection of Petitioners' Tax Liabilities Have Been Met

1.  Errors on Form 4340

An assessment is made by recording the tax liability in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary.  Sec. 6203.  A Form 4340, absent evidence to the contrary, is sufficient to establish that the assessment was properly made.  United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971); Nicklaus v. Commissioner, supra at 121.

Treasury regulations require that the summary record, through supporting records, identify the taxpayer.  Sec. 301.6203-1, Proced. & Admin. Regs.  Petitioners point out that respondent misspelled petitioner's first name and used an incorrect Social Security number for Tina Nicklaus on the Forms 4340 for 1995 and 1996.  Petitioners contend that the errors show that the Forms 4340 are unreliable, and thus the requirements for collection of their tax liabilities for the years in issue have not been met.  We disagree.

The Forms 4340 for 1995 and 1996 pertain only to the tax liability of petitioner.  Respondent correctly stated petitioner's middle initial, last name, and Social Security number on those Forms 4340.  The erroneous Social Security number for petitioner's spouse on the Forms 4340 for 1995 and 1996 does not affect this case because:  (1) Respondent seeks to collect by

levy petitioner's, and not his spouse's, unpaid tax for those years; and (2) an incorrect Social Security number on a Form 4340 does not invalidate the assessment shown on the form if the taxpayer is sufficiently identified.  See Frey v. United States, 87 AFTR 2d 2001-2309, 2001-1 USTC par. 50,417 (N.D. Tex. 2001), affd. 34 Fed. Appx. 151 (5th Cir. 2002).  The Forms 4340 for 1995 and 1996 sufficiently identify petitioner as the taxpayer whose tax was assessed by respondent.

2.  Determination by Respondent

Section 6330(c)(1) requires that, in order for the Commissioner to proceed with proposed collection, the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met.  The record shows that Duncan properly verified that all applicable laws and administrative procedures governing the assessment and collection of petitioner's unpaid tax liabilities were met.

3.  Conclusion

We conclude that respondent's determination to proceed with collection from petitioners was not an abuse of discretion.

E.  Underlying Tax Liability

Petitioners contend for the first time in their posttrial brief that they may dispute their underlying tax liability.  We disagree.  First, we need not consider this issue because petitioners raised it untimely.  See Glass v. Commissioner, 124

T.C. __, __ (2005); <u>Leahy v. Commissioner</u>, 87 T.C. 56, 64-65 (1986). In their petition, amended petition, and at trial, petitioners disputed only the assessment procedures.

Second, a taxpayer may dispute his or her underlying tax liability at the section 6330 hearing only if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Petitioners do not contend that they did not receive notices of deficiency for the years in issue. Instead, petitioners contend only that the notices of deficiency applied to employment or excise tax, not income tax. We have rejected this contention at paragraph B-1, above.

We conclude that petitioners may not dispute their underlying tax liability.

F. <u>Conclusion</u>

We conclude that respondent's determination to proceed with levy action to collect petitioners' tax liabilities for 1993-2000 was not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.