**Brian NICKLAUS; Tina Nicklaus, Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 05–76983.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Nicklaus, Stevenson, WA, pro se.

Tina Nicklaus, Stevenson, WA, pro se.

Lynne L. Glasser, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Eileen J. O'Connor, Esq., Washington, DC, for Respondent-Appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Brian and Tina Nicklaus appeal pro se from the Tax Court's decision, entered after trial, permitting the Commissioner of Internal Revenue to proceed with a collection action regarding their joint income tax liability for 1993 and 1994, and Brian Nicklaus' individual income tax liability for 1995 through 2000. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a Tax Court's findings of fact for clear error and its legal conclusions de novo. *Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir.2005). The refusal to consider a motion on the grounds of untimeliness is reviewed for abuse of discretion. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 896 (9th Cir.1996). We affirm.

Appellants have waived the Tax Court's determination that they are collaterally estopped from alleging irregularities in the assessment of tax liabilities for 1993 through 1996 after challenging those liabilities in *Nicklaus v. Comm'r*, 117 T.C. 117, 2001 WL 1083721 (2001), because appellants do not challenge that determination on appeal. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988).

The Tax Court properly sustained the deficiency determination for 1997 through 2000 based on Forms 4340 for the years in question. *See Hughes v. United States*, 953 F.2d 531, 535–36 (9th Cir.1992); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993).

The Tax Court did not abuse its discretion by not considering appellants' motion to vacate because it was filed 62 days after the final decision was entered. *See* Tax Ct. R. 162 (requiring a motion to vacate to be filed within 30 days after entry of the Tax Court's decision); *Billingsley v. Comm'r*, 868 F.2d 1081, 1084 (9th Cir.1989) (Tax Court lacks jurisdiction to consider a motion to vacate once its decision is final).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Appellants' remaining contentions are unpersuasive.

We grant Nicklaus' March 1, 2006, motion to attach exhibits, which this court construed as a motion to supplement the opening brief's excerpts of record.

We deny Nicklaus' July 26, 2006, motion to grant leave for the district court to decide his Fed.R.Civ.P. 60(b) motion in *Nicklaus v. United States,* No. 05–cv–05824–RBL (W.D.Wash. Dec. 21, 2005).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.