# United States Tax Court

T.C. Memo. 2022-26

JASON D. GOLDITCH,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 7726-20L.                                    Filed March 29, 2022.

————

Jason D. Golditch, pro se.

*Jennifer C. Arthur*, *Daniel J. Bryant*, and *Michael Skeen*, for respondent.

MEMORANDUM OPINION

LAUBER, *Judge*: In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of intent to levy (levy notice) as to petitioner's 2011 and 2012 tax years.[1] Respondent has moved for summary judgment under Rule 121, contending that there is no genuine dispute of material fact and that the settlement officer (SO) did not abuse her discretion in sustaining the collection action. We agree and accordingly will grant respondent's motion. We will also impose on petitioner a $2,000 penalty under section 6673.

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                *Background*

The following facts are based on the parties' pleadings and motion papers, including the attached declaration and exhibits. *See* Rule 121(b). Petitioner resided in California when he filed his petition.

Petitioner is a serial nonfiler.[2] The many years for which he failed to file Federal income tax returns include 2011 and 2012. The IRS prepared for each year a substitute for return (SFR) that met the requirements of section 6020(b). The SFRs showed income tax liabilities of $2,875 for 2011 and $10,445 for 2012. The IRS also determined additions to tax for both years.

On October 26, 2015, the IRS issued petitioner separate notices of deficiency for 2011 and 2012 based on the SFRs. At that point, petitioner's 2011 and 2012 liabilities, including additions to tax, totaled $18,608.16. Both notices were sent by certified mail to petitioner at an address in Watsonville, California (Watsonville address). This is the same address that petitioner has used at all relevant times in his correspondence with the IRS. Petitioner did not timely file a petition with this Court in response to either notice of deficiency.

In an effort to collect the 2011 and 2012 liabilities, on June 28, 2016, the IRS filed a notice of federal tax lien (NFTL) and sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 (lien notice). The lien notice informed petitioner that, if he wished to appeal the NFTL filing or discuss collection alternatives, he needed to request a CDP hearing by August 5, 2016. The lien notice was sent by certified mail and addressed to petitioner at the Watsonville address. He did not request a CDP hearing in response to the lien notice.

On June 6, 2019, in a further attempt to collect these liabilities, the IRS sent petitioner a levy notice. The levy notice indicated that petitioner's 2011 and 2012 liabilities had grown to $24,806. This time, petitioner timely requested a CDP hearing, listing the Watsonville address as his current address. In his hearing request, he asserted that he had not received either notice of deficiency and wanted to challenge his underlying liability for each year.

---

[2] *See Golditch v. Commissioner*, T.C. Memo. 2010-260, 100 T.C.M. (CCH) 477, 478 ("Golditch failed to file federal income-tax returns for the years 2001, 2002, 2003, 2004, and 2005."). More recently, the SO determined that petitioner had filed no returns for 2013–2018.

**[\*3]** On November 15, 2019, the case was assigned to an SO in the IRS Independent Office of Appeals (Appeals) in San Diego, California. The SO verified that petitioner's liabilities for 2011 and 2012 had been properly assessed on the basis of the SFRs and that all other legal and administrative requirements had been satisfied. On November 22, 2019, the SO sent petitioner a letter, again mailed to the Watsonville address, scheduling a telephone conference for January 15, 2020. The SO instructed petitioner to call to reschedule if he could not keep that appointment.

The SO's letter noted that the proposed conference call would be petitioner's main opportunity to explain why he disagreed with the collection action and to discuss collection alternatives. The SO informed petitioner that he could not dispute his underlying liabilities because he had had a prior opportunity to do so when he received the lien notice in 2016. Finally, the SO explained that she would be unable to consider a collection alternative unless petitioner sent her a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and came into compliance with his tax filing obligations by submitting Forms 1040, U.S. Individual Income Tax Return, for tax years 2013–2018. The SO calculated that, as of January 2020, petitioner's liabilities for all open years totaled $214,441.67.

Petitioner did not submit any of the requested Forms 1040 and did not call in to the telephone conference as scheduled. On January 15, 2020, the SO sent petitioner a "last chance" letter informing him that he had 14 days to call the SO or send her additional information; otherwise, she would close the case. Petitioner did nothing, and the SO closed the case. On February 25, 2020, Appeals issued petitioner a notice of determination upholding the levy notice, and he timely petitioned this Court. On October 5, 2021, respondent filed a Motion for Summary Judgment, to which petitioner timely replied.

*Discussion*

A.   *Summary Judgment Standard*

Our decision in this case is most likely appealable to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(g)(i), (2). That court has held that, where de novo review is not applicable, the scope of review in a CDP case is confined to the administrative record. *See Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related

[*4] cases. For the reasons discussed below, de novo review is not applicable in this case, and petitioner has supplied no reason to believe that the administrative record is incomplete. Accordingly, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)).

B.     *Standard of Review*

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the taxpayer's underlying liability is not in dispute, we review the IRS decision for abuse of discretion only. *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003); *Goza*, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

C.     *Underlying Liabilities*

A taxpayer may challenge his underlying liability at a CDP hearing, but only if he did not receive a statutory notice of deficiency for that liability or did not otherwise have a prior opportunity to dispute it. § 6330(c)(2)(B); *Sego*, 114 T.C. at 609. For three distinct reasons, petitioner is not entitled to challenge his underlying liability for 2011 or 2012 in this Court.

First, petitioner received (or deliberately refused to accept) notices of deficiency for both years. A notice of deficiency is sufficient if mailed to the taxpayer at his last known address. § 6212(b)(1); *Hoyle v. Commissioner*, 131 T.C. 197, 200, 203–04 (2008), *supplemented by* 136 T.C. 463 (2011). A taxpayer's last known address is generally the address appearing on his "most recently filed and properly processed Federal tax return." Treas. Reg. § 301.6212-2(a).

Petitioner does not dispute that the Watsonville address is his "last known address." § 6212(b)(1). He received the levy notice at that address, timely requested a CDP hearing, and listed the Watsonville

[*5] address as his return address. He showed the Watsonville address on his petition to this Court and in his response to the Summary Judgment Motion. He receives service from this Court in paper form (rather than electronically), and he has evidently received every document served on him at the Watsonville address.

Respondent has supplied a U.S. Postal Service Form 3877, which shows that the notices of deficiency were sent via certified mail to petitioner's Watsonville address. The tracking numbers on the notices of deficiency match the tracking numbers on the Form 3877, and the Form 3877 is stamped and signed by the Postal Service. The Form has no obvious omissions. A properly completed Form 3877 by itself is generally sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to the taxpayer. *See Coleman v. Commissioner*, 94 T.C. 82, 90–91 (1990); *Ruddy v. Commissioner*, T.C. Memo. 2017-39, 113 T.C.M. (CCH) 1169, 1171–72, *aff'd per curiam*, 727 F. App'x 777 (4th Cir. 2018).

Petitioner asserts in his petition and in his response to the summary judgment motion: "I do not recall receiving the Notice of Deficiency." But he supplies no evidence to support the proposition that he did not receive it. He has resided at the Watsonville address for a very long time, and he has repeatedly received mail at that address from the IRS and this Court. In a prior appearance before this Court, in 2010, he asserted that he had not received the notice of deficiency issued to him for 2002–2005, likewise mailed to the Watsonville address. *Golditch*, 100 T.C.M. (CCH) at 478. We found that assertion wholly implausible, concluding that "Golditch received the notice." *Ibid.* We reach the same conclusion here.

Second, even if petitioner did not receive the notices of deficiency, the IRS sent him a lien notice on June 28, 2016, and he did not file a CDP hearing request at that time although entitled to do so. "If [a] taxpayer previously received a CDP Notice . . . with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer had a prior opportunity to dispute the existence or amount of the underlying tax liability." Treas. Reg. § 301.6330-1(e)(3), Q&A-E7; *see Smith v. Commissioner*, T.C. Memo. 2016-186, 112 T.C.M. (CCH) 407, 409–10; *Mays v. Commissioner*, T.C. Memo. 2006-197, 92 T.C.M. (CCH) 278, 280. Petitioner does not deny that he received the lien notice. In any event, respondent has provided a properly completed Form 3877 showing that this notice was sent to him via certified mail to the Watsonville address.

**[\*6]**    Third, even if petitioner were entitled to dispute his underlying liabilities at the CDP hearing, he failed to pursue that challenge or submit any evidence as to what his correct liabilities were.  A taxpayer may dispute his underlying tax liability in a CDP case only if he properly raised that issue at the CDP hearing.  *Giamelli v. Commissioner*, 129 T.C. 107, 113 (2007).  "An issue is not properly raised if the taxpayer fails . . . to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity."  Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see Giamelli*, 129 T.C. at 112–16.  Petitioner did not submit any evidence about his tax liabilities; indeed, he did not attend the CDP hearing and did not communicate with the SO after submitting his hearing request.  *See Sullivan v. Commissioner*, T.C. Memo. 2019-153, 118 T.C.M. (CCH) 415, 417.  Because petitioner's underlying liabilities are not properly at issue in this Court, we will review the SO's action for abuse of discretion only.

D.    *Abuse of Discretion*

In deciding whether the SO abused her discretion in sustaining the collection action, we consider whether she: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." § 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

The SO properly concluded that petitioner did not qualify for a collection alternative.  He proposed no such alternative, he declined to supply financial information, and he refused to come into compliance with his Federal tax obligations by submitting delinquent returns for 2013–2018.  Each of these failings by itself was disqualifying.  *See Gentile v. Commissioner*, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77 (no alternative proposed), *aff'd*, 592 F. App'x 824 (11th Cir. 2014); *Coleman v. Commissioner*, T.C. Memo. 2010-51, 99 T.C.M. (CCH) 1213, 1215 (no financial information provided), *aff'd*, 420 F. App'x 663 (8th Cir. 2011); *Boulware v. Commissioner*, T.C. Memo. 2014-80, 107 T.C.M. (CCH) 1419, 1424 (not in compliance with Federal tax obligations), *aff'd*, 816 F.3d 133 (D.C. Cir. 2016).

Petitioner's principal argument in this Court is frivolous.  He admits that he filed no returns for 2011 and 2012 and that the IRS

[*7] prepared SFRs for him, as authorized by section 6020(b). But he asserts that his tax liabilities for those years were not properly assessed because an SFR is valid only if signed by the Secretary of the Treasury in person. No Court has ever accepted that argument. Section 7701(a)(11)(B) explicitly defines the term "Secretary," as used in the Internal Revenue Code, to mean "the Secretary of the Treasury or his delegate." *See, e.g., Winslow v. Commissioner*, 139 T.C. 270, 273 (2012) (holding that Congress has permitted the Secretary to delegate his authority with respect to preparation of SFRs); *Nicklaus v. Commissioner*, T.C. Memo. 2005-156, 89 T.C.M. (CCH) 1499, 1501, *aff'd*, 202 F. App'x 171 (9th Cir. 2006). Petitioner's argument is similar to those contained in *The Truth About Frivolous Tax Arguments*, a compendium of frivolous positions and the case law refuting them that the IRS publishes and occasionally updates. *See The Truth About Frivolous Tax Arguments*, Internal Revenue Service (Mar. 2018), https://www.irs.gov/pub/taxpros/ frivolous_truth_march_2018.pdf.

In his petition, petitioner also "request[ed] a Face to Face CDP hearing to raise the underlying tax liability." To the extent he is arguing that the SO abused her discretion by not offering him a face-to-face hearing, we reject that argument as well. A "CDP hearing may, but is not required to, consist of a face-to-face meeting." Treas. Reg. § 301.6330-1(d)(2), Q&A-D6. Petitioner has supplied no evidence that he requested a face-to-face hearing. On the contrary: he failed to participate in his scheduled CDP hearing, ignored the SO's letters, and refused to communicate with her at all.

E.    *Frivolous Position Penalty*

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not in excess of $25,000, "[w]henever it appears to the Tax Court that—(A) proceedings before it have been instituted or maintained . . . primarily for delay, [or] (B) the taxpayer's position in such proceeding is frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial and IRS resources. *Coleman v. Commissioner*, 791 F.2d 68, 71–72 (7th Cir. 1986); *Salzer v. Commissioner*, T.C. Memo. 2014-188, 108 T.C.M. (CCH) 284, 287. "Frivolous and groundless claims divert the Court's time, energy, and resources away from more serious claims and increase the needless cost imposed on other litigants . . . ." *Kernan v. Commissioner*, T.C. Memo. 2014-228, 108 T.C.M. (CCH) 503, 512, *aff'd*, 670 F. App'x 944 (9th Cir. 2016).

**[\*8]**    It is obvious to this Court that petitioner instituted and maintained this suit "primarily for delay" as part of a longstanding effort to avoid or defer indefinitely the collection of his Federal income tax liabilities.  This is the third CDP case petitioner has prosecuted in our Court. *See Golditch*, 100 T.C.M. (CCH) 477; *Golditch v. Commissioner*, T.C. Memo. 2006-237.  In these earlier cases, we recounted "irrelevant or frivolous issues" he raised with the IRS, including the assertion that he was not a "taxpayer" obligated to file income tax returns or pay taxes. *Golditch*, 100 T.C.M. (CCH) at 480.  We concluded that he had used the CDP process "to delay the IRS's collection efforts, not to raise legitimate issues." *Id.* at 481.

His actions in these proceedings display more of the same.  He initiated a CDP hearing and then ignored all communications from the SO.  He petitioned this Court and then advanced only frivolous and wholly implausible arguments.  His argument—that he did not receive notices of deficiency mailed to an address at which he has lived for 20 years—is a copy of an argument he made, and we explicitly rejected, more than a decade ago. *Id.* at 480.  We will impose a modest penalty of $2,000 in this case. *See Gardner v. Commissioner*, T.C. Memo. 2017-107, 113 T.C.M. (CCH) 1482, 1484 (imposing a $10,000 penalty where taxpayer "wasted the resources of [the Commissioner's] counsel and this Court").  But we warn petitioner that he may face a much larger penalty if he engages in similar conduct in a future appearance here.

To reflect the foregoing,

*An appropriate order and decision will be entered for respondent.*