# United States Tax Court

T.C. Memo. 2024-4

WILLIAM M. HEFLEY AND AIMEE J. HEFLEY,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17455-16.                            Filed January 9, 2024.

————

William M. Hefley and Aimee J. Hefley, pro sese.

*Randall B. Childs* and *A. Gary Begun*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, *Judge*: Respondent determined the following deficiencies and penalties with respect to petitioners' federal income tax for taxable years 2011–13 (years at issue):

| Year | Deficiency | Penalty § 6662(a)[1] |
|------|------------|----------------------|
| 2011 | $16,545 | $3,309 |
| 2012 | 26,172 | 5,234 |
| 2013 | 52,175 | 10,435 |

The issues for decision are whether petitioners (1) properly calculated their net income on Schedules C, Profit or Loss From

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*2] Business, for the years at issue, (2) are allowed certain itemized deductions for 2011 reported on their Schedule A, Itemized Deductions, and (3) are liable for section 6662(a) accuracy-related penalties for the years at issue.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. Petitioners were residents of Florida when they timely filed the Petition.

Petitioners are a married couple who filed joint returns for the years at issue. Both petitioners were practicing attorneys, licensed in Florida. During 2011 and most of 2012 petitioner William M. Hefley was employed by the law firm then known as Conroy, Simberg, and Ganon. During 2011 and 2012 petitioner Aimee J. Hefley had her own solo legal practice, the Law Firm of Aimee J. Hefley, P.A. (law firm). Mr. Hefley began working for the law firm in 2013.

During the years at issue Ms. Hefley maintained eight bank accounts. During the examination of petitioners' returns, respondent conducted a bank deposits analysis of each of the accounts. The analyses determined that petitioners had additional unreported gross receipts from the law firm of $17,372, $31,241, and $118,076 for 2011, 2012, and 2013, respectively. Petitioners submitted an amended return for 2013 during the examination, reporting gross receipts from the law firm of $230,241.

On their 2011 federal income tax return, petitioners claimed a deduction for $11,035 in unreimbursed employee business expenses as well as $6,000 in charitable contribution deductions on their Schedule A. Petitioners attached to their 2011 return Form 8283, Noncash Charitable Contributions, to support their donations.

On their Form 8283, petitioners listed donations of children's clothing and toys as having been made to Goodwill on March 10 and 12, 2011, respectively. However, receipts from Goodwill petitioners submitted list the dates of the donations as March 10 and 12, 2012. They reported the donated property as having a combined adjusted basis and fair market value of $10,000 and $6,000, respectively. Petitioners claim to have determined the value of these donations by looking at catalogs.

**[\*3]**  On Schedules C of their 2011, 2012 and 2013 federal income tax returns, petitioners claimed various business expense deductions related to the law firm.  Respondent disallowed entirely the following expense deductions: meals and entertainment; travel; employee benefit; depreciation; car and truck; supplies; AAA, license, and parking; automobile fuel; automobile repairs and maintenance; bank service charges for 2012; and clothing and uniform.

Respondent allowed deductions for the following expense categories that petitioners did not claim: utilities; merchant fees; postage and delivery; process server; computer and internet; and business use of home for 2013.  Petitioners reported and respondent made adjustments to the following expense categories: office expenses for 2011–13; bank service charges for 2011 and 2013; computer and internet for 2011; postage and delivery for 2011; business use of home for 2011 and 2012; answering service for 2012; and merchant fees for 2012.

The revenue agent examining petitioners' returns concluded that petitioners were liable for section 6662(a) penalties for the years at issue.  The revenue agent's immediate supervisor approved imposition of the foregoing penalties on January 29, 2016, by signing a Civil Penalty Approval Form.[2]  Respondent issued petitioners the notice of deficiency on May 10, 2016.  Petitioners did not receive any notice or letter giving them an opportunity to request a conference with the Internal Revenue Service (IRS) Office of Appeals[3] before receiving the notice of deficiency.

The Court held a partial trial with respect to the deficiencies and penalties, reserving for a future trial the issue of section 6015 relief.[4]

[2] Petitioners object to the admission of the Civil Penalty Approval Form and an accompanying declaration on the grounds of hearsay and relevance (but not authenticity).  We admitted the Form, but not the declaration.  The Form is relevant and not hearsay because it is a verbal act.  *See, e.g.*, *United States v. Rojas*, 53 F.3d 1212, 1216 (11th Cir. 1995); *Gundotra v. Commissioner*, T.C. Memo. 1995-303, *aff'd per curiam*, 149 F.3d 1168 (4th Cir. 1998) (unpublished table decision).

[3] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals.  *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).  We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals or Appeals.

[4] The Petition sought review of both the notice of deficiency and a concurrently issued notice of determination denying Ms. Hefley's request for section 6015 relief with respect to the years at issue.  After the partial trial, Ms. Hefley moved to withdraw that portion of the Petition seeking review of the denial of section 6015 relief, which

**[\*4]** Petitioners declined to provide any direct testimony at the trial. Moreover, Ms. Hefley refused to sign a supplemental stipulation agreed to by Mr. Hefley and respondent that contained exhibits that may have substantiated some of the deductions disallowed in the notice of deficiency. Accordingly, that evidence is not in the record.

OPINION

I.  *Deficiencies*

Petitioners have not addressed the unreported gross receipts or disallowed deductions determined in the notice of deficiency. They are accordingly properly treated as having abandoned those issues. *See Lunsford v. Commissioner*, 117 T.C. 183, 187 (2001); *Nicklaus v. Commissioner*, 117 T.C. 117, 120 n.4 (2001). Even if they were construed to have disputed the unreported gross receipts, respondent has established a sufficient evidentiary foundation connecting petitioners to the income-producing activity, as it is undisputed that Ms. Hefley operated a solo legal practice during 2011 and 2012, where Mr. Hefley began working in 2013. *See Blohm v. Commissioner*, 994 F.2d 1542, 1549 (11th Cir. 1993), *aff'g* T.C. Memo. 1991-636; *Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019). Respondent having met this "minimal" evidentiary foundation, it is petitioners' burden to prove the unreported income determination to be arbitrary or erroneous. *See Blohm v. Commissioner*, 994 F.2d at 1549; *Walquist*, 152 T.C. at 67–68. Petitioners have offered no evidence or argument in that regard.

As for the disallowed deductions, the determinations in the notice of deficiency disallowing the deductions are presumptively correct, and petitioners bear the burden of showing the determinations are erroneous. *See* Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and petitioners must prove their own entitlement to any deduction. *See INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Petitioners have adduced no evidence to do so. They did not provide direct testimony at trial and certain documentary evidence they submitted is not in the record as a result of Ms. Hefley's refusal to stipulate it.

we have granted. Consequently, no further trial is needed with respect to Ms. Hefley's entitlement to section 6015 relief.

**[\*5]** For the foregoing reasons, we will sustain respondent's determinations as to the deficiencies for the years at issue.

II. *Penalties*

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a) for each year at issue. The Commissioner bears the burden of production with respect to any individual taxpayer's liability for any penalty imposed by the Code. § 7491(c). To meet this burden, the Commissioner must come forward with sufficient evidence indicating that the imposition of the penalty is appropriate. *See Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving error in the determination, including producing evidence of reasonable cause or other exculpatory factors. *Id.*

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of any portion of an underpayment of tax required to be shown on a return that is attributable inter alia to any substantial understatement of income tax or to negligence. A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10% of the amount of tax required to be shown on the return for the taxable year or $5,000. § 6662(d)(1). For each year at issue, petitioners' understatement exceeds 10% of the amount of tax required to be shown on the return. Thus, respondent has met his burden of showing that imposition of an accuracy-related penalty is appropriate.[5]

Respondent's burden of production for an accuracy-related penalty under section 6662(a) also includes demonstrating compliance with the procedural requirements of section 6751(b)(1). *See Graev v. Commissioner*, 149 T.C. 485, 492–93 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that "[n]o penalty under [Title 26, the Internal Revenue Code] shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination." In the statute "assessed" refers to a ministerial function, "the formal recording of a taxpayer's tax liability on the tax rolls," which is "the last of a number of steps required before the IRS can collect" a tax or penalty from a taxpayer. *Laidlaw's*

---

[5] In view of our conclusion regarding the substantial understatement bases for the accuracy-related penalties for the years at issue, we find it unnecessary to decide whether respondent has met his burden with respect to negligence.

[*6] *Harley Davidson Sales, Inc. v. Commissioner*, 29 F.4th 1066, 1071 (9th Cir. 2022) (quoting *Chai v. Commissioner*, 851 F.3d 190, 218 (2d Cir. 2017), *aff'g in part, rev'g in part* T.C. Memo. 2015-42), *rev'g and remanding* 154 T.C. 68 (2020).

The written supervisory approval described in section 6751(b) is not required to take any specific form. *See Palmolive Bldg. Invs., LLC v. Commissioner*, 152 T.C. 75, 85–86 (2019). But we have held that it generally must be obtained no later than (1) the date on which the Commissioner issues the deficiency notice or (2) the date, if earlier, on which the Commissioner makes a formal communication to the taxpayer of his determination to assert a penalty and gives the taxpayer the right to appeal the penalty with the Office of Appeals. *See Belair Woods, LLC v. Commissioner*, 154 T.C. 1, 15 (2020); *Clay v. Commissioner*, 152 T.C. 223, 249–50 (2019), *aff'd*, 990 F.3d 1296 (11th Cir. 2021). The Court of Appeals for the Eleventh Circuit, to which an appeal in this case presumptively lies, has adopted a more liberal timing rule. It has held that "the IRS satisfies [s]ection 6751(b) so long as a supervisor approves an initial determination of a penalty assessment before it assesses those penalties." *Kroner v. Commissioner*, 48 F.4th 1272, 1276 (11th Cir. 2022), *rev'g in part* T.C. Memo. 2020-73.

We have no occasion here to consider whether to adhere to our own precedent or that of the Eleventh Circuit because the timing of the supervisory approval in this case would satisfy either standard. The immediate supervisor of the revenue agent who proposed the penalties at issue gave her written approval by signing the Civil Penalty Approval Form on January 29, 2016. The notice of deficiency was issued to petitioners on May 10, 2016, and they did not receive any notice or letter giving them an opportunity to request a conference with the Office of Appeals before the notice of deficiency was issued to them. Thus, approval was timely under this Court's precedents. And because assessment of the penalties has not yet occurred—indeed, pursuant to section 6213(a) it will not occur until our decision in this case has become final—the standard adopted by the Eleventh Circuit has also been satisfied.

Petitioners have not claimed or shown that they had reasonable cause for the understatements. We accordingly will sustain the section 6662(a) penalties for the years at issue.

**[*7]** To reflect the foregoing,

*Decision will be entered for respondent.*