T.C. Memo. 2006-265

UNITED STATES TAX COURT

KAI-CHUNG C. AND MEEKHING T. LAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14711-03.                    Filed December 14, 2006.

<u>Forest J. Dorkowski</u>, for petitioners.

<u>Caroline R. Krivacka</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies in and penalties with respect to petitioners' Federal income tax for 1994, 1995, and 1996 (the years at issue).  For 1994, respondent determined a $15,300 deficiency and a $3,060 accuracy-related

penalty under section 6662(a).[1]  For 1995, respondent determined

a $25,759 deficiency and a $5,152 accuracy-related penalty.  For

1996, respondent determined a $24,587 deficiency and a $4,917

accuracy-related penalty.

After concessions,[2] there are three issues for decision.

The first issue is whether petitioners substantiated various

business expenses they claimed in each of the years at issue.  We

hold that petitioners did not substantiate any of these expenses.

The second issue is whether petitioners failed to report $3,424

of rental income in 1996.  We hold that they did.  The third

issue is whether petitioners are liable for the accuracy-related

penalty for each of the years at issue.  We hold that they are.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

The stipulation of facts and accompanying exhibits, the

supplemental stipulation of facts, and the second supplemental

stipulation of facts are incorporated by this reference.

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.  Amounts have been rounded to the nearest dollar.

[2]Petitioners conceded the increases in rental income
respondent determined for 1994 and 1995 and certain business
expenses respondent disallowed for each of the years at issue.
Respondent conceded certain disallowed business expenses that
petitioners claimed for each of the years at issue.

Petitioners resided in Cordova, Tennessee, at the time they filed the petition.

Mr. Lam (petitioner) was self-employed during the years at issue.[3] Petitioner owned and operated two businesses during the years at issue; an investment and insurance business, and a real estate business. All the business income and expenses in dispute relate to the operation of these two businesses.

Petitioner's "major business" is the investment and insurance business, in which petitioner, a certified financial planner, provided clients investment services and sold insurance products. Petitioner also is a licensed realtor and operated his real estate business, Cordova Realty, as a "sideline." Cordova Realty's business included renting, managing, and selling properties.

I.   Income Tax Returns for the Years at Issue

Petitioners filed joint income tax returns that petitioner prepared, including detailed depreciation schedules. Petitioners reported the income and expenses from petitioner's two businesses on Schedule C, Profit or Loss From Business.

A.   Schedule C Deductions

Petitioners claimed deductions for, among other things, repair and maintenance, supplies, bad debt, office, insurance,

_____

[3]Mrs. Lam is a party to this case because she filed joint returns with petitioner.

interest, taxes and licenses, depreciation, advertising, legal and professional, car and truck, travel, and meals and entertainment expenses.

Petitioner presented documents and offered testimony regarding the repair and maintenance expenses claimed as deductions. Petitioner did not introduce a single receipt, though, that showed he paid a repair or maintenance expense for either of his businesses.

Petitioner suggested that some of the individuals and businesses with whom he dealt did not differentiate between receipts and invoices. Petitioner suggested that we therefore treat the invoices he submitted as receipts.

Petitioner testified that he used service providers who did not know how to read or write, so petitioner would occasionally himself prepare the invoice for the work done. Petitioner also presented invoices from a numbered "receipt book" he kept for use by service providers who did not produce their own documentation.

Petitioner submitted a few documents that appear to have been drafted by third parties, but the amounts listed were crossed out, and petitioner wrote in different amounts. Petitioner explained that he made these alterations after negotiating a better price for the services, but he did not explain why he, and not the third party, made the alteration.

Petitioners introduced many undated documents. Petitioner testified that he incurred some expenses in 1994 because he had placed the documents for those expenses in the box meant to contain only documentation of expenses incurred in 1994. Other expenses, however, were supposedly incurred in 1995 because petitioner had placed the documents for those expenses in the box meant to contain only documentation of expenses incurred in 1995.

The invoices for repair and maintenance expenses that were on another company's letterhead and were dated did not show whether petitioner actually paid them. For example, petitioner submitted a $252 invoice for painting and a $145 invoice for lawn care, but he introduced no corresponding documentary proof that he paid for the services. Petitioner's testimony was the only evidence petitioner submitted indicating that he paid the repair and maintenance expenses.

Petitioner also submitted more than 20 different invoices from a hardware store to support his deduction for supplies. Petitioner did not, however, submit corresponding receipts, canceled checks, or credit card statements that would have shown he paid the amounts indicated on these invoices.

Regarding bad debt expenses, petitioner testified that he occasionally made small loans in his real estate business to potential home buyers. He further testified that when a purchaser needed larger sums of money, $10,000 or greater, he

would have the purchaser sign a note and "put me on the lien on the house."  Petitioner did not, however, introduce any of these alleged notes or any other documentation regarding these "loans."

Regarding office expenses, petitioner explained he operated both of his businesses from one office and testified that the two businesses shared expenses, such as phone lines, secretaries, and other office workers.  Petitioner did not introduce any documentation, however, to show the amount of any of these office expenses.

In addition, petitioner testified that he was licensed with "realty commissions," the "Insurance Department," and the National Association of Securities Dealers.  Yet petitioner did not introduce photocopies of any of these licenses, nor did petitioner have any invoices or documented proof of payment for the alleged annual licensing fees.  Petitioner also testified that he was annually assessed personal property tax on the assets in his businesses, yet he did not introduce any documentation regarding these expenses.

Regarding advertising expenses, petitioner testified that he spent money on "leads"--mass mailings undertaken by advertising companies, as part of his insurance and investment business, but he did not testify or submit documentation regarding the advertising expenses he incurred in his real estate business.

For other categories of expenses, including insurance, interest, depreciation, legal and professional, car and truck, travel, and meals and entertainment expenses, petitioner offered no testimony and submitted no documentation.

B.    1996 Rental Income

Petitioner did not present any documentation or offer any testimony regarding the $3,424 of additional rental income respondent determined petitioner earned in 1996.

II.  Audit and Deficiency Notice

Respondent began examining petitioners' returns for the years at issue in October 1997.  Respondent repeatedly asked petitioners to submit documentation to support each of the items they claimed on the returns.  Petitioners failed to submit documentation that would substantiate many of their expenses.

Respondent issued a deficiency notice in which he made adjustments to the Schedule C expenses petitioners claimed, increased petitioners' income by the amounts of rental payments they failed to include, and determined that petitioners are liable for the accuracy-related penalty.  Respondent disallowed the Schedule C expenses on the grounds that they were not ordinary and necessary business expenses, lacked sufficient substantiation, or were personal in nature.

Petitioners timely filed a petition.

OPINION

This is a substantiation case in which we are asked to decide whether petitioners substantiated nearly a quarter of a million dollars of business expenses that remain in dispute. The business expenses that remain in dispute include $53,371 repair and maintenance, $52,366 supplies, $48,486 bad debt, $19,579 office, $4,463 insurance, $650 interest, $12,583 taxes and licenses, $7,552 depreciation, $693 advertising, $1,601 legal and professional, $18,272 car and truck, $15,979 travel, and $5,390 meals and entertainment. We also must decide whether petitioners failed to include $3,424 rental payments in income in 1996 and are liable for the accuracy-related penalty. We first address the general deductibility rules of business expenses under section 162, then examine the additional strict substantiation requirements of section 274(d).

I.   Business Expenses Under the General Rule

We begin with two fundamental principles of tax litigation. First, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that these determinations are erroneous.[4]   Rule 142(a); see

---

[4]This principle is not affected by sec. 7491(a), because respondent initiated the examination of petitioners' returns for the years at issue in October 1997, which is before the July 22, 1998, effective date of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Second, deductions are a matter of legislative grace, and the taxpayer must show that he or she is entitled to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions. Sec. 6001; Hradesky v. Commissioner, supra. A taxpayer shall keep such permanent records or books of account as are sufficient to establish the amount of deductions claimed on the return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The Court need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence. Beam v. Commissioner, T.C. Memo. 1990-304 (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)), affd. without published opinion 956 F.2d 1166 (9th Cir. 1992).

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the deduction, this Court may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). For the Cohan rule to

apply, however, a basis must exist on which this Court can make an approximation. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Against this background, we consider the categories of expense for which there remain amounts in dispute.

First, petitioners contest respondent's disallowance of repair and maintenance expenses. At trial, petitioner presented documents regarding these expenses, all of which we find insufficient. Almost all the documents submitted were invoices rather than receipts. While petitioner would have us believe that receipts and invoices are one and the same thing, we disagree. An invoice is a "written account of goods or services to be provided," while a receipt is a "writing acknowledging the receiving of *** money." Webster's New International Dictionary 1190, 1894 (3d ed. 1993).

In addition to petitioner's erroneous usage of invoices as receipts, we find petitioner's documents lacking in other respects. Many of the documents are undated. Petitioner assured the Court that each of these expenses was properly claimed in the year it was allegedly incurred because he found the documentation in a box with other dated documents. Yet petitioner offered no testimony or evidence showing this record-keeping "system" was free from error or manipulation. Petitioner introduced some

dated documentation but failed to provide proof of payment. For expenses attributed to a document that lacks a date or is otherwise inadequate proof of payment, the only available evidence that the expense was incurred in the year it was claimed or was actually paid is petitioner's own self-serving testimony, which we are not required to accept, and which we do not, in fact, find to be credible. See Niedringhaus v. Commissioner, 99 T.C. 202, 219 (1992).

Petitioner introduced some documents that indicate date and payment; yet we find the documents or petitioner's explanations not credible. For example, petitioner submitted documents he himself wrote because he claimed he used service providers that could not read or write but did not offer testimony from any of these alleged service providers. We also do not find petitioner's explanations for the invoices from his invoice book and those with alterations to be credible. None of these invoices was accompanied by third-party testimony.

Second, petitioners contest respondent's disallowance of supplies expenses. We note that petitioner submitted many invoices to support his deductions for supplies. Petitioner failed, however, to submit corresponding receipts, canceled checks, or credit card statements that would have shown he paid the amounts indicated on these invoices. The only available

evidence to that effect is petitioner's own self-serving testimony, which we do not find to be credible.  Id.

Finally, with respect to the office, bad debt, advertising, and taxes and licenses expenses, petitioner vaguely described what he incurred.  Petitioner did not, however, introduce any documentation to show the amount of any of these expenses.  For the insurance, interest, depreciation, and legal and professional expenses, petitioners offered nothing.

We conclude that petitioners failed to substantiate any repair and maintenance, supplies, bad debt, office, insurance, interest, depreciation, advertising, taxes and licenses, and legal and professional expenses, and thus they are not entitled to any deduction beyond what respondent previously allowed.  No additional amount may be estimated under the Cohan rule because there is no basis to do so.  See Vanicek v. Commissioner, supra at 742-743.

## II.  Section 274(d) Expenses

We turn next to the business expenses that are subject to the strict substantiation requirements of section 274(d).  In addition to the general substantiation requirements, taxpayers must substantiate certain business expenses, such as car and truck, travel, and meals and entertainment expenses, by adequate records or by sufficient evidence corroborating the taxpayer's own statement.  Sec. 274.  The substantiation must show the

amount of such expense or other item, the time and place of the expense, the business purpose of the expense, and the business relationship to the taxpayer of the person entertained.  See sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  We may not estimate expenses subject to the strict substantiation requirements.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner contests respondent's disallowance of car and truck, travel, and meals and entertainment expenses.  Petitioners offered no testimony as to what car and truck, travel, and meals and entertainment expenses were incurred and introduced no documentation.  We conclude that petitioners have failed to substantiate any of the expenses subject to the strict substantiation requirements of section 274(d) and therefore are not entitled to any deduction beyond what respondent previously allowed.

III. Unreported Rental Income

We now address whether petitioners failed to report $3,424 of rental income in 1996 as respondent determined.  Petitioners did not introduce any evidence at trial regarding respondent's determination of the unreported rental income and did not address this determination in their brief.  We conclude that petitioners

have conceded this issue by not pursuing it on brief.  See

Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4 (2001); Rybak v.

Commissioner, 91 T.C. 524, 566 n.19 (1988).

IV.  Accuracy-Related Penalty

We next consider whether petitioners are liable for the

accuracy-related penalty under section 6662(a) due to negligence

for each of the years at issue, as respondent determined.

Petitioners bear the burden of production as well as the burden

of proof with respect to the accuracy-related penalty because the

examination commenced before section 7491(c) became effective.

Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

A taxpayer is liable for an accuracy-related penalty for any

part of an underpayment attributable to, among other things,

negligence or disregard of rules or regulations.[5]  Sec. 6662(a)

and (b)(1).  Negligence is the lack of due care or failure to do

what a reasonable and ordinarily prudent person would do under

the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947

(1985).  Negligence includes any failure by the taxpayer to keep

adequate books and records or to substantiate items properly.

Sec. 1.6662-3(b)(1), Income Tax Regs.

---

[5]Respondent determined in the alternative that petitioners are liable for the accuracy-related penalty for substantial understatements of income tax under sec. 6662(b)(2) for the years at issue.  Because of our holding on the negligence issue, we need not consider whether the underpayments were also substantial understatements.

Petitioners submitted insufficient documentation for a few expenses, and had no documentation for the majority of the expenses claimed. We have found that petitioners failed to substantiate adequately any of the claimed business expense deductions in dispute. Accordingly, we find that petitioners were negligent in failing to substantiate any of their claimed expenses.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment, however, if there was reasonable cause for the taxpayer's position with respect to that portion and the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners argue that they acted with reasonable cause regarding the disallowed deductions, citing respondent's concessions. We disagree. While petitioners correctly assert that many of the expense adjustments respondent determined have been reduced by agreement of the parties, petitioners failed to substantiate any of the disputed expenses. Petitioner is a

knowledgeable and experienced businessman.  He is a certified financial planner, runs his own businesses, and prepared petitioners' returns, which included detailed depreciation schedules.  Despite this, petitioners claimed deductions for hundreds of thousands of dollars of business expenses, none of which they could substantiate.  Petitioners failed to convince the Court they took the requisite effort to determine their proper tax liability considering petitioner's knowledge and experience.  We find that petitioners did not prove that the underpayments of income tax for the years at issue were due to reasonable cause and that they acted in good faith.  Accordingly, we conclude that petitioners are liable for the accuracy-related penalty for each of the years at issue.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.